## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WHITE *et al.* (Two cases.)

1. Assuming that an engineer of a railroad company was carelessly or intentionally guilty of a breach of duty in not stopping a particular train at a flag-station, upon the giving of a signal, and that he caused the train to proceed, leaving a female who intended to board the train at that point standing beside the track exposed to cold on a winter evening, nevertheless this conduct did not relieve such person from the duty

of using ordinary care and diligence to lessen, as far as practicable, damages which might result to her from such exposure.

2. What ordinary care and diligence would require would depend on the situation, circumstances, and facts of the particular case, and would be a question for the jury to determine under the evidence.

3. In cases of tort, if the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrong-doer.

(a) Under the facts disclosed by the evidence in this case, this principle of law should have been given in charge, upon request.

4. There was no error in refusing to charge the jury that the testimony of a party who offers himself as a witness in his own behalf should be construed most strongly against such party when it is contradictory or vague or equivocal.

DECEMBER 15, 1910.

Damages. Before Judge Wright. Chattooga superior court. November 17, 1909.

*J. Branham, Maddox & Doyal,* and *Taylor & Jolly,* for plaintiff in error.

*C. D. Rivers, Barry Wright,* and *W. M. Henry,* contra.

LUMPKIN, J. Mrs. George O. White brought suit against the Central of Georgia Railway Company for a personal injury. Her husband also brought suit against the defendant on account of loss of services of his wife. The cases were tried together. The main contentions of the plaintiffs were, in brief, as follows: Mrs. White had spent the day visiting relatives in the country. She intended to return home by train in the evening, and expected her husband to join her at another station on the line of the railroad. About dark she repaired to a flag-station on the line of the defendant's' railroad, where, according to the known usage of the defendant, passenger-trains were stopped when signaled. As the train approached the station, and as soon as it came near enough for the engineer and other servants in charge of it to see signals, the brother of Mrs. White, who accompanied her, gave the usual signal with a handkerchief which was waved in plain view, so that the engineer saw it and recognized its purpose, but disregarded it, and refused to stop the train, leaving Mrs. White at the station. It was alleged that there was no shelter at that place, and she was compelled to travel several miles to another town in search of a place to spend the night; but the evidence on this subject did not measure up fully to the allegations. By reason of the cold and ex-

posure she was made sick, suffered bodily discomfort, and lost time from her household duties.

The defendant denied any negligence or violation of duty; and contended that if Mrs. White was made sick from exposure, it was not the proximate result of any such breach of duty; but that she voluntarily drove to a town some miles away, in order to communicate with her husband, although it was not shown that she did so after arriving there. The jury found in favor of the wife $500, and in favor of the husband $100. In each case the defendant moved for a new trial, which was denied and it excepted.

If it was the duty of the engineer to stop the train at the flag-station, upon the proper signal being given, and he carelessly or intentionally failed to do so, leaving the plaintiff, Mrs. White, standing beside the track, exposed to the cold of a winter evening, nevertheless this did not free the intended passenger from using ordinary care and diligence to lessen the damage which might result, as far as practicable. This was not such a tort as is described in section 3802 of the Civil Code, by the use of the words "positive and continuous torts," which would relieve the injured party from the duty of using ordinary care and diligence. A person who is left at a flag-station because the train fails to stop upon the giving of the customary signal, whether the engineer sees it or not, can not stand in the cold all night, or remain in a drenching rain, or be guilty of like conduct, and claim to be free from any duty of using ordinary care or diligence to protect himself. *Brown* v. *Georgia, Carolina & Northern Ry. Co.,* 119 *Ga.* 88 (46 S. E. 71); *Georgia, Carolina & Northern Ry. Co.* v. *Brown,* 120 *Ga.* 380 (47 S. E. 942). There was evidence from which the jury might have inferred that the injury to Mrs. White was not the proximate result of any breach of duty on the part of the defendant; and the court should have given a charge on that subject, upon request. Some of the requests to charge were properly refused. They involved an intimation from the court to the jury as to what ordinary care and diligence on the part of Mrs. White required her to do upon being left by the train, and that going to a neighboring town, if there was no actual necessity for it, was negligence. Under the evidence, this was a matter for the jury and not for the court to determine, in the light of the circumstances and facts of the particular case.

A charge was invoked to the effect that the testimony of a party who offers himself as a witness in his own behalf should be construed most strongly against such party, when it is vague or equivocal. Another request elaborated this principle by adding that in no event should any weight be given to statements, which, when considered in connection with admitted facts, amount to no·more than a bare conclusion of the witness, unwarranted by and incon-- sistent with such facts. We do not think that the evidence warranted such charges. Besides, in this State the judge is prohibited from expressing any opinion on the weight of the evidence. That is a'question left to the jury. Expressions of the character involved in these requests have been used by judges of courts of review in discussing the facts of particular cases, or rulings on motions for nonsuit, but they have not been established as substantive law to be given in charge to juries.

On account of the errors in refusing to charge, as indicated above, a new trial must be granted.

*Judgment reversed. All the Justices concur.*