37860. ACKERMAN *et al. v.* MATHIS.

DECIDED OCTOBER 21, 1959—REHEARING DENIED
NOVEMBER 13, 1959.

*Edward D. Wheeler, Smith, Field, Doremus & Ringel, H. A. Stephens, Jr., Palmer H. Ansley,* for plaintiffs in error.

*. H. L. Bradford, Kyle Yancey,* contra.

GARDNER, Presiding Judge. ■ The evidence is entirely sufficient to sustain the verdict of the jury.

■ Special ground 1 assigns error because it is contended that the court erred in charging the jury that if the defendants sold lots upon which commissions had been promised by the defendants such would be the basis of the recovery. The judge was charging correctly in view of the pleadings and the evidence when he charged the excerpt of which complaint is made in special ground 1. This special ground is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court erred in charging the jury that an original contract made between the defendants and the plaintiff could not subsequently be changed in a sales meeting or otherwise, unless all parties acquiesced or agreed to such change. It seems to us that this excerpt from the charge of the court was as beneficial to the defendants as it was to the plaintiff. The evidence shows the agreements step by step and if any changes were made they were concurred in by all parties concerned. This special ground is not meritorious.

■ Special ground 3 contends that the charge of the court as a whole was prejudicial to the defendants because (a) the court at no time instructed the jury on any finding upon which a jury could base a verdict, and (b) the court never instructed the jury that a verdict could be returned for any sum less than $4,800. Counsel for the defendants cite, in support of this contention, *Seaboard Air-Line Ry.* v. *Sikes,* 4 *Ga. App.* 7 (6) (60 S. E. 868). In that case it was held that the contentions of all parties concerned should be charged. This is the correct principle of law and is of course applicable to the case at bar. Counsel also cites *Harris* v. *Gay,* 16 *Ga. App.* 342 (85 S. E. 355) to the same effect. We have read the entire charge of the court and it appears that the court charged fairly and adequately the contentions of the parties at bar. This special ground is not meritorious.

■ Special ground 4 assigns error because it is contended that the court said in charging the jury that the duty of the seller would end when a purchaser able and willing to buy and who actually purchased was secured, and that there would be no obligation to follow through and see that the houses were built or closed. The record does not disclose that it was up to the plaintiff to finance the building of the houses but rather when he sold the lot he had made half of the commission and when a house was completed on the lot the other half was earned. The evidence, as we interpret it, puts the duty of financing on someone other than the plaintiff. For this reason the judge did not err in charging the jury as contended in special ground 4.

■ Special ground 5 assigns error because it is alleged that

the court erred in admitting, over objection of the defendants, questions and answers pertaining to sale of houses. After reviewing the evidence in the case, in view of this particular assignment of error, it seems essential to us that all phases of the contract of employment regarding commissions were properly before the court and jury. The matter of commission on lots sold was the controlling issue before us, but there was naturally injected into the case the matter of whether or not salesmen received commissions on sales of houses. For this reason the admission of testimony regarding commissions on sales was not harmful to the defendants. This special ground is not meritorious.

The judge properly overruled the demurrers of both the defendants.

The court did not err in any of the rulings and therefore did not err in denying the motion for a new trial.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*