## 21225. FIRST AMERICAN ACCEPTANCE CORPORATION v. WHEAT.

DUCKWORTH, Chief Justice. This case arises out of the recovery of damages in an automobile liability case, in which the defendant in error and his wife prevailed against the tortfeasor in Cobb Superior Court, and thereafter obtained a judgment against his insurer in the Civil Court of Fulton County, which judgment was affirmed by the Court of Appeals in *Public National Insurance Co. v. Wheat,* 100 Ga. App. 695 (112 SE2d 191). The insurer having become insolvent, a receiver was appointed for it in the State of Florida and an ancillary receiver in the State of Georgia. On January 14, 1960, the court, in response to a petition of the ancillary receiver, entered an order requiring that all claims against the insurance company be filed on or before June 30, 1960. On October 25, 1960, the ancillary receiver filed a report and application for a hearing to dispose of the claims filed under the receivership proceedings. On December 8, 1960, the plaintiff in error filed its intervention, alleging that it was a major stockholder of the insolvent insurance company, had entered upon a program of rehabilitation of the company, had made offers of settlement with certain persons having claims against the company, and had assigned to it these claims which it prays be approved and allowed in an amount in excess of $15,000. On January 16, 1961, after several

continuances of the hearing set in response to the application to dispose of the claims, the court entered its order allowing the claim of the defendant in error with priority over all others, since the judgment was obtained before the receivership, to which judgment exception is made by the plaintiff in error. On January 17, 1961, the plaintiff in error filed its motion for reconsideration, contending that an ample opportunity for hearing was not made as to the coverage, liability under, and amount of the liability of the policy of insurance, attorney's fees allowed in the case, and jurisdiction of the court to award the judgment in the preferred claimant's case, and requesting a suspension of the order awarding him priority pending a further hearing therein. On January 25, 1961, the defendant in error filed a motion to dismiss this motion for reconsideration, alleging that it was filed for the purpose of harrassment and delay; and thereafter, on January 27, 1961, said motions came on for a hearing, and after argument the motion to dismiss was sustained and the motion for reconsideration ordered stricken. The exceptions are to this order and the previous order allowing the defendant in error's claim with priority over all others. *Held:*

1. The preferred position of the claimant is apparently not disputed but, in substance, the assignments of error and the motion for reconsideration seek to go behind the judgment of the Civil Court of Fulton County, which was affirmed by the Court of Appeals, and collaterally attack it as being void as to the plaintiff in error, in a proceeding in which it is alleged that the plaintiff in error is a major stockholder of the insolvent insurance company seeking to rehabilitate it. Even if it be conceded that the plaintiff in error is in good faith in this court, as the assignee of other claimants as it contends, praying for the approval and allowance of these claims with the right to attack the judgment of the preferred claimant as void for lack of jurisdiction of the court where the judgment was obtained, which was the Civil Court of Fulton County having no jurisdiction of personal-injury cases, as pointed out in the *Wheat* case, supra, that action was not for personal injury but was one on a policy of insurance to recover the amount of the judgment obtained in another court against the insured, and is an action arising out of a contract of insurance, wherein it is stated that any person who has secured

a judgment against the insured "shall thereafter be entitled to recover under the policy." *Public National Ins. Co. v. Wheat,* 100 Ga. App. 695, supra. The cases of *Bennett v. Graham,* 71 Ga. 211; *Gibson v. Robinson,* 90 Ga: 756 (16 SE 969, 35 ASR 250); *Cantrell v. Davis,* 176 Ga. 745 (169 SE 38); *National Surety Corp. v. Boney,* 215 Ga. 271 (110 SE2d 406); and *Walker & Taylor v. Shannon,* 21 Ga. App. 39 (93 SE 498), all differ on the facts, in that here the judgment obtained in a court of law was sued to judgment under a contract authorizing such suit in a court having jurisdiction of the parties and the subject matter, and it was not an action for damages sought to be recovered from a surety standing on the same level as the principal, as in the above cases. The court did not err in sustaining the motion to dismiss the motion for reconsideration or in allowing the claim of the defendant in error.

2. As provided in *Code* § 6-1801, this court has been requested to assess damages against the plaintiff in error for bringing this case up for delay only, and counsel for the defendant in error argues strongly that the plaintiff in error is the alter ego of the insolvent insurance company, seeking to require it to relitigate questions which are res judicata and the law of the case. Since there is some doubt as to the standing of the plaintiff in error in this court, and this court never assesses damages in doubtful cases, the motion is denied. See *Lipton v. Lipton,* 211 Ga. 442 (86 SE2d 299), and cases cited therein.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1961—DECIDED MAY 22, 1961.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for plaintiff in error.

*Hamilton Lokey, Frank D. Holcomb, J. B. Headrick,* contra.

