42060. MATTHEWS et al. v. STATE HIGHWAY DEPARTMENT.

ARGUED JUNE 9, 1966—DECIDED JUNE 28, 1966—
REHEARING DENIED JULY 22, 1966.

*W. B. Mitchell,* for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, Phillip Benson Ham,* for appellee.

JORDAN, Judge. The condemnees were clearly entitled to recover damages for any diminution in the market value of their remaining property resulting from the loss of access to the existing road upon which that property abutted (*Clayton County v. Billups &c. Petroleum Co.,* 104 Ga. App. 778 (123 SE2d 187)), and the trial court in recognition of this fact gave pertinent instructions to the jury on this issue. The complaint made by condemnees on appeal is that the trial court erred in refusing to give certain requested instructions on this issue in the exact language requested. (This case was tried before the effective date of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 39) which by the repeal of *Code* § 70-207 eliminated the necessity of giving pertinent requested charges in the exact language requested so long as full and complete legal instructions are given on the subject matter of the requested instructions.)

The record before this court discloses, however, that each of the requested charges was subject to criticism as either being argumentative, confusing and misleading or incorrect as an abstract principle of law, and not being perfect, it was not error for the trial court to refuse to give such instructions in the exact language requested. *Cohen v. Sapp,* 110 Ga. App. 413 (2) (138 SE2d 749). The first requested charge contained, for example, the following language: "The condemnees or landowners would be entitled to recover damages *if they suffer* because of the limit

of access to the road which they are presently using." (Emphasis supplied.) Clearly, abstract suffering on the part of the landowner is not a legal criterion for determining just and adequate compensation.

In the second requested charge, the condemnees requested that the jury be instructed that "you determine the value of the *land taken* before the limit of ingress and egress, and then determine the value of the *land taken* after the condemnor has taken the access rights . . . and if you determine that same is less after the taking, then I charge you that the damage to the condemnees or landowners, would be the difference in the market value of the land prior to the taking and after the taking of the limited access rights, or the right of ingress and egress." (Emphasis supplied.) This requested charge was clearly incorrect as an abstract principle of law and was confusing and misleading to the jury since the "before" and "after" value of the "land taken" would have no bearing on the issue of the diminution in market value of the land not taken because of the taking of the right of ingress and egress from the remaining land to the highway upon which it abutted.

Finally, in the third requested charge, the condemnees requested that the jury be instructed that in determining diminution in market value because of loss of access "you would be authorized to consider the highest, best and most profitable use that the land could be put to," there being no qualification that the jury must consider only those possible uses of the land as shown by the evidence.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*