## 54283. HILL AIRCRAFT & LEASING CORPORATION v. FLANDERS.

WEBB, Judge.

Hill Aircraft is a defendant in default, and as we stated when this case was previously before us (*Flanders v. Hill Aircraft & Leasing,* 137 Ga. App. 286, 288 (223 SE2d 482) (1976)), "by its default admitted the aircraft was unairworthy; that it had made fraudulent misrepresentations as to the number of hours on the engines and the prior use of the aircraft; that the aircraft was not merchantable nor fit for the purpose intended; that the aircraft was defective; these defects resulted in the left engine 'blowing' a cylinder; and that other costs were incurred because of these defects."

Further, Hill Aircraft's default required "a finding that there was a contract between the parties; that the contract was induced by fraudulent misrepresentations in that that which was promised was misstated and not delivered; and that as a result Flanders was injured." Ibid., p. 289. Thus, all that remained at issue was the amount of damages, and only this will be considered now.

1. On retrial a verdict for $22,500 for Flanders was returned. Hill Aircraft in seeking to reverse the judgment thereon contends that the verdict is contrary to the law as it relates to attorney fees and punitive damages. The trial judge included in his charge to the jury: "whether you believe in addition to that [nominal damages] general damages are proper or whether you believe also that punitive damages are proper, and also whether you believe attorneys' fees are proper in this case, they are all

questions which address themselves entirely and exclusively to the jury and for your determination." On expenses of litigation the court charged and quoted Code Ann. § 20-1404. Counsel for Hill agreed with the charge.

In an action by a buyer against a seller for fraud and deceit, it is for the jury to determine if the evidence warrants imposition of punitive damages and attorney fees. *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482, 484 (197 SE2d 395) (1973). Here by its default Hill had admitted that the contract was induced by fraudulent misrepresentations.

2. Hill argues that the verdict is contrary to the evidence. Where a jury returns a verdict and it has the approval of the trial judge, it must be affirmed if there is any evidence to support it, as the jurors are the sole and exclusive judges of the weight and credit given the evidence. *Taylor v. Ga. Power Co.,* 136 Ga. App. 412, 413 (1) (221 SE2d 222) (1975); *Minter v. Reid,* 143 Ga. App. 92 (1977).

We have considered all arguments as to damages, including exemplary and attorney fees, and find no reversible error.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 22, 1977 — REHEARING DENIED OCTOBER 13, 1977 — 

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellant.
*E. Lynn Mitchell, Guy B. Scott, Jr.,* for appellee.