## 62701. HILL AIRCRAFT & LEASING CORPORATION v. TYLER.

McMurray, Presiding Judge.

This is a legal malpractice case against an attorney. It arises out of a lawsuit filed by Frank M. Flanders against Hill Aircraft & Leasing Corporation (Hill Aircraft). In July of 1967 Hill Aircraft had sold an airplane (a used Aero Commander) to Flanders. Flanders later suffered numerous problems with the airplane and brought suit against Hill Aircraft alleging misrepresentation and certain claimed damages, including punitive damages, in excess of $100,000. This case came on for trial and was voluntarily dismissed by the plaintiff. Hill Aircraft was represented at that time by attorney Tyler.

On or about April 26, 1973, within six months of the voluntary dismissal, Flanders filed a second lawsuit against Hill Aircraft which was identical to the first Flanders lawsuit. This case came in default, the reasons by which it came in default being the basis for the present existing lawsuit brought by Hill Aircraft against its attorney, Tyler. However, that lawsuit proceeded to trial resulting in a verdict for the defendant. But in *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286 (223 SE2d 482), it was reversed. Tyler, at some point in time during the pendency of the refiled suit, did represent Hill Aircraft, although it is disputed that he allowed the case to become in default. He was later relieved and other counsel represented Hill Aircraft. The case was re-tried and resulted in a verdict for Flanders in the amount of $22,500. Following a judgment in Flanders' favor Hill Aircraft & Leasing Corporation appealed, and in *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504 (239 SE2d 155), the judgment of the trial court awarding Flanders $22,500 was affirmed. Certiorari application to the Supreme Court of Georgia was subsequently denied.

The case sub judice was then filed against plaintiff's former attorney, Tyler, with reference to his alleged failure to file an answer to the second suit within 30 days nor an answer within 15 days

following the expiration of 30 days which resulted in that case being in default whereby the plaintiff was allegedly denied the right to file a valid legal defense to the action. The pleadings set forth in detail the above facts with reference to the trial and re-trial and judgment was sought against the defendant for the amount of the judgment ($22,500) plus all expenses involved to the plaintiff during the litigation, the same being in two counts. Count 1 was for breach of contract and Count 2 for negligence in allowing plaintiff to suffer default judgment against it thereby preventing it from filing a valid legal defense. The pleadings were subsequently amended to seek judgment under the circumstances for the amount of the previously rendered judgment against the plaintiff, attorney fees for the extreme bad faith of the defendant and exemplary damages, totaling $150,000 in addition to the amount of the judgment returned against the plaintiff as a result of the defendant's alleged breach of contract and negligence in representing the plaintiff in the lawsuit.

The defendant answered, inter alia, denying the claim, admitting, however, that he had been counsel for the plaintiff and that he had represented the plaintiff in various lawsuits in the past, and that the substance of the litigation was as shown in *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286, supra, and *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504, supra.

The case proceeded to trial with verdict and judgment in favor of the defendant. A motion for new trial was filed and, after a hearing, denied. Plaintiff appeals. *Held:*

1. The case sub judice, on its facts, is somewhat the reverse of *McDow v. Dixon,* 138 Ga. App. 338, 339 (226 SE2d 145), in that it is a legal malpractice action for failure to file an answer and allowing the case to become in default. The *McDow v. Dixon* case is one for failure of an attorney to properly file an action for damages within the statute of limitation. Here the client is now suing its attorney for malpractice, and the case was lost allegedly by its attorney due to his negligence or breach of contract, contending that if counsel had performed as required a judgment in the client's favor would have resulted instead of a judgment against it. In the case sub judice the jury could have found that the defendant attorney never received nor was he notified of the lawsuit in question until such time after period for filing an answer had expired and the case came into default, albeit that it could have found that his non-action in failing to answer the suit resulted in the default judgment. After the verdict of a jury has been returned the evidence is construed most favorably to the prevailing party as every presumption and inference is in favor of the verdict. See *Brown v. Nutter,* 125 Ga. App. 449, 450 (1) (188 SE2d 133); *West Lumber Co. v. Schnuck,* 85 Ga. App. 385, 392 (12) (69

SE2d 577); *Scott v. Imperial Hotel Co.,* 75 Ga. App. 91, 93 (41 SE2d 911); *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504, 505 (2), supra. The trial court correctly denied the plaintiff's motion for new trial as it cannot be said that the verdict of the jury was contrary to the evidence and without evidence to support it.

2. Prior to the trial a motion in limine was sought, among other things, to preclude the defendant from adducing evidence or mentioning in the presence of the jury any statements concerning alleged negligent conduct or improper handling of the litigation and resulting appeals in the Flanders lawsuit subsequent to defendant Tyler's withdrawing from the case. Such a motion in limine is similar in purpose and function to a preliminary ruling on evidence at a pretrial conference. See Code Ann. § 81A-116 (5) (Ga. L. 1966, pp. 609, 628; 1967, pp 226, 231; 1968, pp. 1104, 1106); *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285-286 (1) (260 SE2d 20). The Flanders case which became in default was heard by a trial jury to assess damages which involved "expenses incurred in repairs and maintenance of the aircraft, installment payments made pursuant to contract, attorney fees, and punitive damages for fraudulent and deceitful representations." See *Flanders,* 137 Ga. App. 286, supra. Consequently, the resulting default may or may not have been the proximate cause of the loss determined by the jury. The plaintiff client (therein the defendant) was under an obligation to take steps to minimize the damage. See *Garber v. Housing Authority of the City of Atlanta,* 123 Ga. App. 29, 31 (3) (179 SE2d 300). Consequently, the evidence of the conduct of the plaintiff's attorneys after this defendant no longer represented it was properly admitted to determine whether this defendant was liable, if in fact he was the proximate cause of the default. The plaintiff's motion in limine which sought to limit the evidence going to the jury was properly denied, and the trial court correctly allowed testimony to go to the jury with reference to the *Flanders* cases after this defendant was dismissed as attorney by the plaintiff.

3. The next enumeration of error contends that the trial court erred in not granting the plaintiff's motion to strike certain hearsay testimony with reference to who told the witness Flanders that the number of hours on the aircraft engine was incorrect, supposedly a former employee of the plaintiff. Flanders (the witness) had been examined and cross-examined extensively with reference to this issue by counsel for both sides, and the question of incorrect engine hours had been addressed by plaintiff's counsel on more than one occasion, the testimony concerning engine hours being based on testimony of a former employee of the plaintiff. No objection was made to this testimony until it appeared that the witness' testimony was based on

hearsay and a motion to strike was made. The trial court overruled the motion to strike this portion of the testimony on cross-examination as to what this individual told the witness as being hearsay because counsel had had an opportunity previously to object to that testimony, had let it become evidence, had called it to the attention of the witness, thus being the party going into the matter and allowing the opposing party to cross-examine him with reference thereto. Hence, the subject matter was opened up by the plaintiff's counsel. The admission of this evidence over a party's objection will, in no event, require the grant of a new trial when that party had substantially the same evidence admitted without objection. *Reed v. State,* 195 Ga. 842 (1), 847 (25 SE2d 692); *Cooley v. Bergstrom,* 3 Ga. App. 496 (2), 499 (60 SE 220). Further, inadmissible hearsay evidence is without probative value to support a verdict in this state. Nevertheless, the failure to raise a given point of evidence law at trial results in the waiver of it, and a jury verdict will not be set aside merely because evidence without probative value was admitted, particularly where the testimony was adduced by counsel for the party who now asserts error. See *McCrary v. State,* 124 Ga. App. 649 (1) (185 SE2d 586). In addition there was other testimony regarding possible misrepresentations of the aircraft and such misrepresentations could easily influence the jury to determine that same were made by an agent of the plaintiff whereby the jury could conclude that the plaintiff (defendant in the original case) lost the original case with or without the testimony alleged to be hearsay here. There is no merit in this complaint.

4. The next enumeration of error contends that the trial court erred in giving the defendant's written request to charge with reference to the duty of the client to attend and look after his interest and is charged with the legal duty of keeping advised of the progress of the litigation in which he is a party, regardless of the fact that he has employed counsel to act for him. See in this connection *Seifert v. Holt,* 82 Ga. 757 (3) (9 SE 843); *Lovelace v. Lovelace,* 179 Ga. 822 (1c), 825 (177 SE 685); *Sta-Power Industries v. Avant,* 134 Ga. App. 952, 956 (216 SE2d 897). The charge is simply a statement of law as to the client's duty once he is engaged as a party in a lawsuit, and the trial court did not err in giving this written request, there being an issue of material fact as to whether or not the defendant was derelict in his duty to the alleged client, if any, in filing an answer allowing the case to go in default inasmuch as it was some eight months later before it was determined that the case was in default. The case of *Cox v. Sullivan,* 7 Ga. 144, 148, with reference to the expressions of diligence as to the attorney and the client is in no wise controlling here with reference to the above charge since the issue here is whether or not the

attorney had been employed to represent the client with reference to this litigation (*Flanders* case). See *Lewis v. Foy,* 189 Ga. 596, 598 (6 SE2d 788); *Berman v. Rubin,* 138 Ga. App. 849, 851 (227 SE2d 802). An attorney is liable to his client for any loss or injury sustained by his client proximately caused by negligent failure to properly file and serve pleadings essential to a proper presentation of the client's cause, but this is only after he has been employed. If he has never been employed to represent the client he owes no duty whatsoever to the client. There is no merit in this complaint.

Nor did the trial court err in refusing to charge that the attorney would be liable for any loss or injury caused by a failure to properly file and serve pleadings essential to a proper presentation of the client's cause since this charge was otherwise given based upon the fact that counsel may not have received the complaint within the time allotted for filing an answer. The trial court had charged what the standard of care is generally, and it was not necessary to address itself to the specific actions of failure to file essential pleadings which would be argumentative in nature under the circumstances. See *Adams v. Smith,* 129 Ga. App. 850, 854-855 (8) (201 SE2d 639); *Matthews v. State Hwy. Dept.,* 114 Ga. App. 163, 164-165 (150 SE2d 464); *Hardwick v. Price,* 114 Ga. App. 817, 821 (3) (152 SE2d 905). We find no harmful error in the failure to give this written request based upon the charge as given.

5. Counsel for plaintiff next contends that the giving of a voluminous charge with reference to "the ordinary, natural consequences" of the alleged negligence of the defendant which terminology plaintiff contends was mere repetition of "proximate cause," which term had been earlier charged to the jury, thus amounted to a confusing instruction to the jury based upon lengthy verbiage addressing issues of intervening acts of third parties, and was error in unduly making the case complex and confusing to the jury. We agree with counsel that perhaps the charge in itself was somewhat verbose, but, nevertheless, we find no harmful error inasmuch as it expresses the law of this state that where there is an intervening act, the original tortfeasor cannot be held responsible for the entire injury, and the test is foreseeability. An intervening cause was clearly an issue in the case, and the trial court properly instructed the jury on this theory. Likewise, the lawsuit having been mailed to the attorney (if believed by the jury), this did not necessarily bind the attorney whose testimony was that he did not recall ever receiving the complaint. The jury could very well have believed this in preference to believing he had received the lawsuit and simply did not file an answer to it. There is no merit in this complaint.

6. The trial court did not err in charging here that in a legal

malpractice case such as this that expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice, and the jury could not speculate about what the professional conduct may be and must rely on expert evidence as to the professional custom in malpractice actions against professionals. This charge is based upon *Hughes v. Malone,* 146 Ga. App. 341, 345-346 (247 SE2d 107). While allowing a lawsuit to go into default by failing to file any defensive pleadings or securing an extension of time would be a clear and palpable case of legal malpractice, nevertheless other issues of fact were involved in the case sub judice with reference to negligence, liability and damage even if it be said that the jury became satisfied that the defendant was in error in failing to answer the lawsuit. In the case sub judice the charge as to professional conduct and expert opinion testimony related to many other aspects of the case including the professional conduct of plaintiff's other attorneys, who took over the matter, the professional conduct of the defendant Tyler at the first trial, and the subsequent counsel in the second trial and numerous other questions concerning the professional conduct of all the attorneys involved in this litigation. The charge as given was proper and adjusted to the facts of the case. There is no merit in this complaint.

7. The trial court did not err in charging the substance of Code § 105-2008 with reference to whether the damages sought by the plaintiff are too remote to be a basis for recovery. See *Central of Ga. R. Co. v. White,* 135 Ga. 524, 525 (3) (69 SE 818). Plaintiff does not contend that this was an erroneous charge but merely that it must be construed together with Code §§ 105-2007 and 105-2009. That is, direct and consequential damages must be defined and the rule to ascertain remoteness where the issue of contingent and remote damages was raised by the evidence must also be charged. The trial court did not err in merely charging the substance of Code § 105-2008. The court properly charged the jury on the issue of damages, as proximate causation and remote damages were issues in the instant case. See *Central of Ga. R. Co. v. White,* 135 Ga. 524, 525 (3), supra. Accord, *Everett v. Clegg,* 94 Ga. App. 725, 731 (5) (96 SE2d 382), rev. on other grounds, s. c. 213 Ga. 168 (97 SE2d 689).

8. Here the trial court did not err in refusing plaintiff's written request to charge that the test for causation is whether had the attorney performed the act that the plaintiff would have been benefited. The request is not necessarily a correct statement of Georgia law adjusted to the issues and evidence here as plaintiff contends, citing *Delta Corp. v. Knight,* 109 Ga. App. 3 (135 SE2d 56), and *Wallace v. Willis,* 111 Ga. App. 576 (142 SE2d 383). The charge is

argumentative, slightly confusing, and an improper statement of Georgia law. The operative question on the issue of the required degree of care and skill of the attorney is whether or not such attorney exercised a reasonable degree of care and skill under the circumstances. Further, the general principle of causation was covered in the court's charge, and we find no error in failing to give this written request.

9. Plaintiff's written request to charge with reference to the relationship of attorney-client was otherwise covered in the charge, and the trial court did not err in refusing to give the written request to charge as stated. The cases of *Venable v. Block,* 138 Ga. App. 215, 216 (2) (225 SE2d 755), holding that the existence of a retainer fee is not required to establish an attorney-client relationship and that mutual oral promises are sufficient; and *Simmerson v. Blanks,* 149 Ga. App. 478, 479 (2) (254 SE2d 716), that where an attorney gratuitously agrees to record a financing statement a reasonable degree of skill and care to fulfill that voluntary task is required, do not require further elaboration under the circumstances of this case. If a charge is argumentative it is properly refused. See *Adams v. Smith,* 129 Ga. App. 850, supra; *Matthews v. State Hwy. Dept.,* 114 Ga. App. 163, supra. The trial court properly refused to instruct the jury as requested. The written request to charge taken from *Venable v. Block,* 138 Ga. App. 215, 218 (4), supra, to the effect that it is fundamental in the legal profession that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of these cases so that they may take whatever action might be necessary to protect the interest of their client, expands the duty of the attorney heretofore charged as one to exercise reasonable care and diligence. The trial court did not err, having previously charged the duty and standard of care required of an attorney, that is, the duty to use such skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the task which they undertake. See *Hughes v. Malone,* 146 Ga. App. 341, 344, supra; *Berman v. Rubin,* 138 Ga. App. 849, 851, supra. The standard of care and duty of an attorney was charged, and the trial court did not err in failing to elaborate thereon as requested here. There is no merit in this complaint.

10. The trial court did not err in refusing to give plaintiff's written request to charge that the attorney is liable for the negligence of assistants employed by him committed within the scope of the duties of such assistants, said charge not being based on the evidence. See *Adams v. Smith,* 129 Ga. App. 850, supra; *Matthews v. State Hwy. Dept.,* 114 Ga. App. 163, supra. We find no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED FEBRUARY 15, 1982 — 

*James F. Stovall III,* for appellant.
*James S. Owens, Jr., George R. Neuhauser,* for appellee.