## 63105. McGAHA v. KWON.

McMurray, Presiding Judge.

This case involves a proposed sale of a restaurant business in which a cashier's check was drawn for the sum of $2,750 payable to Southern Business Consultants, the alleged real estate agency or broker. The check was endorsed by it to John M. McGaha, the owner of the restaurant business involved, who then endorsed it over to the bank. Plaintiff Oh Seung Kwon in his pleadings, as finally amended, contends that the bank check ($2,750) was delivered to the defendant's agent as earnest money on the proposed purchase of the business owned by the defendant. The check was cashed and retained but the defendant refuses to allow him to purchase the business or to sell the business to him. In Count 1, as amended, he sought the return of the money ($2,750) "as money had and received," including reasonable attorney fees and expenses of litigation in the amount of not less than $1,000. In Count 2 of plaintiff's recast complaint he contends that the defendant had perpetrated a fraud on him, damaging him in the sum of $2,750 (actual damages) and he seeks punitive damages to deter the defendant from intentionally engaging in such false and fraudulent schemes in the future in the amount of $50,000. He further contends therein he is entitled to $5,000 reasonable attorney fees and expenses of litigation due to the "willful, wanton and malicious nature of the fraud perpetrated upon Plaintiff by Defendant." In Count 3 he sought a decree of specific performance requiring the defendant to fully perform the terms of the contract and put him in possession of the business, tendering an additional sum of $22,250, as the balance of the purchase price.

The defendant, in answering the original complaint, admitted only jurisdiction, the receipt of the check, which he contends was earnest money due him under a provision of a sales contract between him and one Jin Ho Park under a previously defaulted contract which was delivered to him by one Young T. Oh, the agent for Park.

The case proceeded to trial, and the jury returned a verdict for plaintiff in the amount of $5,000. The judgment followed the verdict, and defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court committed reversible error in charging the jury on the legal principles of agency, contending there was no evidence presented whatsoever at trial that Young Tak Oh was the agent of the defendant or that any of the actions taken by Oh or representations made by him were done at the direction of the defendant. The charge was, therefore, harmful in that the allegations of the fraud and deceit were based solely upon the actions and representations of Young Tak Oh and the concomitant

award of punitive or exemplary damages was based upon this.

The charge on agency was based merely upon the general principles. Defendant had made two written requests to charge with reference thereto, and there is no doubt that the relationship of Young Tak Oh involved agency to either the plaintiff or the defendant, or both, in a dual capacity, both parties contending that Mr. Oh was the other's agent. The issue of agency was clearly and squarely raised by the evidence, and the charge as given was entirely proper, if not required, based upon the evidence presented in the case. *Jones v. Hogans,* 197 Ga. 404, 412 (29 SE2d 568); *Brookshire v. J. P. Stevens Co.,* 133 Ga. App. 97, 101-102 (7) (210 SE2d 46). Indeed, the defendant had made two written requests to charge based upon agency, although the charge as given was not in the exact language requested. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (3), 18 (195 SE2d 417); *Maloy v. Dixon,* 127 Ga. App. 151, 152 (5), 163 (193 SE2d 19). We find no merit in this complaint.

2. The next contention by the defendant is that the trial court committed reversible error by charging the jury on the law of fraud and deceit, contending there was no evidence whatsoever that the defendant had ever made any fraudulent representations of existing fact to the plaintiff or that the defendant had ever induced the plaintiff to enter into a contract with him. However, fraud is indeed subtle and may be determined from acts as well as words, signs and tricks and misrepresentations of material fact coupled with the purpose and intent to deceive. See Code §§ 105-301, 105-302, 105-304, 37-705, 37-706; *Penn Mut. Life Ins. Co. v. Taggart,* 38 Ga. App. 509, 512 (144 SE 400). In such circumstances it is peculiarly the province of the jury to determine whether the circumstances warrant a finding of moral fraud. *Central Chevrolet, Inc. v. Campbell,* 129 Ga. App. 30 (3) (4) (198 SE2d 362); *Speir v. Williams,* 146 Ga. App. 880 (247 SE2d 549). In such cases it is for the jury to determine if the evidence warrants imposition of punitive damages. *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504 (239 SE2d 155); *Youngblood v. Mock,* 143 Ga. App. 320 (238 SE2d 250). There was payment of money in the sum of a cashier's check which the defendant admittedly cashed even though the testimony is in conflict as to the circumstances. The evidence authorized the jury to determine that at the time the defendant obtained the cashier's check he had no present intention of making a bona fide offer to sell the property to the plaintiff. See in this connection *McFarland v. Kim,* 156 Ga. App. 781, 782-783 (1) (275 SE2d 364); *Middlebrooks v. Lonas,* 246 Ga. 720 (272 SE2d 687); *Floyd v. Morgan,* 62 Ga. App. 711, 715-716 (5) (9 SE2d 717). There was ample evidence to support a charge on fraud and punitive damages.

We also note that when exceptions were made to the charge by

the defendant he only made an exception as to "any charges as to punitive damages" and made no such complaint as to a charge on fraud as required by Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). An exception to a charge is waived in failing to make more than a mere general objection which points out no specific defect. The objection must be sufficiently specific in order that the alleged error can be reasonably understood and addressed by the trial court. See *Butts v. Brooks,* 138 Ga. App. 653, 654 (227 SE2d 76); *Christiansen v. Robertson,* 237 Ga. 711, 712 (229 SE2d 472). We find no merit in this complaint.

3. There is considerable doubt as to whether or not the appeal here was in any way taken for purposes of delay, and we find no merit in the enumerations of error. Nevertheless, we refuse to grant the motion for damages brought by the plaintiff under Code § 6-1801 and *Federated Ins. Group v. Pitts,* 118 Ga. App. 356, 358 (2) (163 SE2d 841); *Refrigerated Transport Co., Inc. v. Kennelly,* 144 Ga. App. 713 (242 SE2d 352); *General Accident Fire & Life Ins. Corp., Ltd. v. Kelch,* 158 Ga. App. 555, 556 (3) (281 SE2d 258). The motion to assess damages is denied. See *Brown v. Rooks,* 139 Ga. App. 770 (1) (229 SE2d 548); *First Am. Acceptance Corp. v. Wheat,* 217 Ga. 1, 3 (2) (120 SE2d 330).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1982. ′

*John S. Carpenter, David D. Blum,* for appellant.
*Furman Smith, Jr.,* for appellee.