## 63240. GIBSON v. TALLEY.

SOGNIER, Judge.

Gibson sued Talley alleging legal malpractice in Talley's pursuit of a personal injury claim filed on behalf of Gibson against Peggy Priest, a minor, and her father Howard Priest. Summary judgment in favor of Talley was previously reversed on appeal, see *Gibson v. Talley,* 156 Ga. App. 593 (275 SE2d 154) (1980). The jury returned a verdict in favor of Talley and Gibson appeals.

The personal injury claim arose on May 22, 1974 when an automobile driven by Peggy Priest collided with the rear end of an automobile driven by Gibson (formerly Farley). It is undisputed that Talley filed suit against Peggy Priest and Howard Priest within the two year statute of limitation. The case came on for trial in October 1976. At the close of all the evidence, the trial judge dismissed Peggy Priest for lack of service. The trial court had previously made two separate rulings that service on Ms. Priest had been adequate. The jury entered a verdict in favor of Howard Priest which was affirmed on appeal by this court. *Farley v. Priest,* 142 Ga. App. 537 (236 SE2d 523) (1977).

1. Appellant contends that the trial court erred in failing to direct a verdict in her favor. Appellant argues that where Talley

failed to effect adequate service on Peggy Priest and permitted the statute of limitation to run on the personal injury claim against her, such a situation was a clear and palpable case of negligence on the part of appellee entitling Gibson to a directed verdict. We do not agree.

Where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. Code Ann. § 81A-150 (a); *Bennett v. Haley,* 132 Ga. App. 512, 521 (14) (208 SE2d 302) (1974). The evidence in the instant case discloses a conflict in the testimony as to whether Talley's failure to effect adequate service on Peggy Priest under the circumstances was negligence which resulted in injury to Gibson.

Talley admitted that Peggy Priest had not been adequately served, that he was aware that failure of service had been raised as a defense in the case, and that following the verdict entered in favor of Howard Priest he did not refile the case against Peggy Priest. Gibson's expert testified by deposition that it was his opinion that the jury's verdict in favor of Mr. Priest and against Gibson was a consequence of Peggy Priest having been dismissed from the case, and as a result of Talley's negligence in handling the case.

Two other lawyers testified at the trial, one as an expert for Gibson and the other as an expert for Talley. Both of these experts testified that in a personal injury case involving the family purpose doctrine, the minor child driving with the parent's permission was not necessary as a defendant in the case in order to find the parent liable. Gibson's expert testified that in his opinion, the fact that Peggy Priest was dismissed from the case at the close of the evidence was of no consequence where the family purpose doctrine was concerned. Talley's expert stated that in his opinion, it did not matter if Peggy Priest had been served in the underlying case because her dismissal from the case as a party had no effect on the outcome of the jury's verdict and that any error in judgment made by Talley was inconsequential. In addition, Talley's expert testified that after reading the entire transcript of the underlying case, it was his opinion that Talley's conduct met the standard of professional requirements for lawyers practicing in the state of Georgia.

We are not now called upon to decide the legal issues raised with regard to adequate service, the running of the statute of limitation, or the family purpose doctrine. Rather we are asked to decide whether, under the circumstances, the evidence demanded a verdict in favor of Gibson. The evidence here did not demand a finding that Talley undertook to represent Gibson on her personal injury claim against Peggy and Howard Priest and simply failed to file a complaint within

the applicable statute of limitation. See *McDow v. Dixon,* 138 Ga. App. 338 (226 SE2d 145) (1976). Such a case would be clear and palpable and would not require expert testimony to establish the parameters of acceptable professional conduct. *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976). Where, as here, we have expert testimony on both sides and conflicting evidence on the material issue of Talley's negligence, the trial court did not err in failing to direct a verdict in favor of Gibson.

2. Appellant contends that there was no evidence to support the jury's verdict. "In malpractice actions against attorneys, as is the case against other professionals, it is essential that competent evidence be presented as to the acceptability of particular conduct. 'Attorneys are very properly held to the same rule of liability for want of professional skill and diligence in practice, and for erroneous or negligent advice to those who employ them, as are physicians and surgeons, and other persons who hold themselves out to the world as possessing skill and qualifications in their respective trades or professions.' [Cits.] ... The reason for this requirement is simply that the jury cannot rationally apply a general statement of the standard of care unless it is aware of what the competent lawyer would have done under similar circumstances. Nor can the jury be permitted to speculate about what the 'professional custom' is. Competent evidence as to the 'professional custom,' in a given situation is required in malpractice actions against other professionals." *Berman v. Rubin,* supra., p. 853-854; *Hughes v. Malone,* 146 Ga. App. 341 (247 SE2d 107) (1978).

As we stated in Division 1, both sides presented competent expert testimony as to whether or not Talley breached his duty of care to Gibson and whether any breach was the proximate cause of damage to Gibson. The questions of fact with regard to Talley's alleged negligence in pursuing Gibson's personal injury claim against Priest were properly submitted to the jury. *Gibson v. Talley,* supra, at p. 594. In the case sub judice a jury could properly have found that Talley was not negligent in his professional responsibilities when he failed to refile the underlying case against Peggy Priest, or if he was in any way negligent, his negligence was not the proximate cause of the verdict in favor of Howard Priest. See *Hill Aircraft &c. Corp. v. Tyler,* 161 Ga. App. 267 (291 SE2d 6) (1982). " 'After verdict, evidence is construed in the light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cits.]' " *Hilliard v. Canton Wholesale Co.,* 151 Ga. App. 184, 185 (259 SE2d 182) (1979). There is ample evidence to support the jury's verdict; appellant's enumerations of error in this regard are without merit.

3. Appellant contends that the trial court erred in failing to admit certain documentary evidence in the case. First, the trial court

refused to allow into evidence a letter written by Talley to Priest's insurance adjuster seeking settlement of the claim. In the letter Talley stated that he did not think there was "any risk on the issue of liability." We fail to see the relevance of such a letter on the issue of Talley's alleged negligence in the pursuit of Gibson's claim against Priest. Talley's opinion with regard to the Priests' liability was not inconsistent with the way he conducted himself at the trial of the case. We find no error in the trial court's exclusion of this evidence.

Next, appellant contends that the trial court improperly excluded a document prepared by Talley for Gibson offering a mutual release of all claims that either party had arising out of Talley's representation of Gibson. Admissions or propositions made with a view toward compromise are not proper evidence. Code Ann. § 38-408; *Coaxum v. Graham,* 151 Ga. App. 75 (258 SE2d 740) (1979). Thus, the trial court did not err in excluding the document offering a settlement of all claims.

4. Appellant contends that the trial court erred in directing the jury to disregard whether there was any insurance coverage on Priest's vehicle. Once the question of liability has been decided favorably to the plaintiff in a case of this nature, it is then proper to allow introduction of evidence of the original alleged tortfeasor's worldly circumstances, financial status, assets, insurance coverage, etc. to determine the ability of the original alleged tortfeasor to satisfy what has been determined to be the plaintiff's damages. It is this latter amount of money that determines the financial liability and responsibility of the legal malpractice defendant, assuming professional negligence has been determined. *McDow v. Dixon,* supra, p. 341. The jury in the instant case found no liability on Talley's part; thus, there was no error in the trial court's admonition that the jury disregard evidence of insurance coverage.

5. Appellant contends that the trial court erred in failing to give certain requested charges. We have reviewed the trial court's charge and find it to be a correct statement of the law with regard to legal malpractice and adjusted to the evidence in the instant case. The trial court charged what the standard of care is generally, and it was not necessary to address itself to the specific actions of the alleged failings on Talley's part. *Hill Aircraft,* supra. We find no harmful error in refusal to give the requested charges.

6. Appellant's remaining enumerations of error are totally without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1982 —
REHEARING DENIED MAY 10, 1982 —

*John Genins,* for appellant.
*A. Paul Cadenhead, E. Clayton Scofield,* for appellee.