A89A1405. SMAHA et al. v. MOORE et al.

(387 SE2d 13)

BEASLEY, Judge.

Appellants sued their accountant and his professional corporation for alleged negligence in the preparation of their 1982 and 1983 federal and state income tax returns, contending that understated income resulted in substantial additional taxes, interest, and penalties when the IRS audited several years later. The primary issue was whether the accountant was obligated, by the contract of employment or professional standards, to verify by bank deposit statements the total income figures provided by the client. A second issue was whether the accountant was responsible for resolving any discrepancy which was discovered by such comparison.

A jury found for defendants. The sole enumeration complains of the giving, in substance, of a part of defendant's request to charge 14. Although the written request is not in the record, the court's charge based on it and plaintiff's objection to it are. What is targeted on appeal is the court's statement: "if the parties have different views of the terms of a contract, then there is no contract." It was inserted in the portion of the court's instructions regarding the elements and requisites of valid contracts.

OCGA § 5-5-24 (a) provides that when objection is made, the party must "[state] distinctly the matter to which he objects and the grounds of his objection." This must be specific enough to be reasonably understood and addressed by the trial court, so that it can correct error before the jury returns its verdict. McGaha v. Kwon, 161 Ga. App. 216, 218 (2) (288 SE2d 289) (1982).

The plaintiffs did not object to the charge when it was mentioned as intended for inclusion before the court instructed the jury. However, they did so when the court gave opportunity for objections after the jury was sent out. Plaintiffs' counsel stated, with regard to the sentence under scrutiny: "Now in a very loose sense that might be borderline accurate. Within the context of this case it's downright wrong, because they (the parties) obviously have different views of the terms. And that was an argumentative charge within the context of this case."

The contention on appeal is that the charge misinforms the jury that if the parties disagree about the terms *subsequent* to its formation, there is no contract. Plaintiffs fault the instruction as not expressly limiting the "no contract" result to the parties agreement *vel*

*non* about the terms at the *formation* of the contract. Giving the rather obtuse objection at trial a wide interpretation, we will consider it as adequately preserving the ground urged on review.

The sentence objected to must be read in the context of the whole charge, *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821) (1986), and in the context of the evidence to which it was to apply. See *Groover v. Cudahy Packing Co.*, 61 Ga. App. 707, 709 (7 SE2d 287) (1940). It appeared in that portion of the charge devoted to the elements and attributes of a valid contract and what must be done to create one. The court was talking about the creation of a contract. It is clear that in giving the pinpointed instruction, the court was referring to the time at which the contract was formed. Plaintiffs' wresting another meaning requires more imagination than the law would tolerate.

In addition, we would have to disregard the common sense attributed to juries. "Instructions which, when the jury is given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error." *Underwood v. Atlanta & West Point R. Co.*, 105 Ga. App. 340, 341 (6) (124 SE2d 758) (1962). It was obvious from the contentions of the parties and from the evidence that the dispute was about the terms of the contract. To conclude that the jury may have understood that since a dispute developed after the accountant had prepared the tax returns for the clients for many years there was no contract to begin with, defies "ordinary intelligence."

No reversible error occurred.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Nall, Miller, Owens, Hocutt & Howard, James S. Owens, Jr., Stephanie L. DeBerry*, for appellants.

*Freeman & Hawkins, Frank C. Bedinger III, Carey E. Fox*, for appellees.