A02A0296. ANSARI et al. v. MARY ANNE FROLICK & ASSOCIATES, INC.
(565 SE2d 600)

ANDREWS, Presiding Judge.

Mahnaz and Iradj Ansari and Mandana and Freydoun Fatemi appeal from the trial court's denial of their motion for new trial after

a jury verdict in favor of Mary Anne Frolick & Associates, Inc. (Frolick) on their claim for damages for breach of contract, bad faith, fraud, conspiracy to commit fraud, and tortious interference with contract. The jury found the defendants jointly and severally liable for $87,884 in compensatory damages and found the Ansaris liable for $50,000 in punitive damages and the Fatemis liable for $10,000 in punitive damages. For the reasons which follow, we affirm the judgment of the trial court.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The listing agent, Elizabeth Marshall, testified that she was a licensed real estate agent employed by Frolick. She and her husband Steve first entered into a listing agreement with the Ansaris in March 1998. The agreement was extended several times and was still in effect when the Marshalls showed the house to Mrs. Fatemi in March or April 1999. The Fatemis were friends and distant relatives of the Ansaris, and Steve Marshall testified that he saw Mrs. Fatemi at the house again at some later date and asked her if she had thought any more about buying the house and she replied, "Maybe."

There was evidence that the listing agreement was in effect until June 30, 1999.[1] The Marshalls said that Mrs. Ansari told them at that time that she was not renewing the listing agreement because she and her husband had decided not to sell the house.

Frolick introduced evidence of a lease/buy agreement for the house between the Fatemis and Ansaris dated June 24, 1999. Mr. Fatemi admitted that he saw the Marshalls' "for sale" sign in the Ansaris' front yard and that he did not call them or notify them of the agreement. Steve Marshall testified that when he discovered the house had been sold, he went to the closing and Mrs. Ansari asked him, "How did you find out about this?"

1. In their first enumeration of error, appellants claim that the verdict awarded damages to an individual not a party to the action and whose licensure was not established as required by law. This enumeration is totally without merit.

OCGA § 43-40-24 provides:

(a) No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter

---

[1] In addition to the Marshalls' testimony that the Ansaris verbally agreed to extensions of the listing agreement until that date, there was other evidence before the jury on this issue. For instance, an agent with another company testified that he submitted a contract on the house to the Ansaris in June 1999. When he showed the house to his clients, Elizabeth and Steve Marshall were there with Mrs. Ansari and he submitted the contract to the Marshalls to give to the Ansaris.

without alleging and proving that he was a licensed broker in Georgia at the time the alleged cause of action arose. (b) No broker shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that any person acting in the broker's behalf was duly licensed in Georgia at the time the alleged cause of action arose.

The plaintiff in this action was Mary Anne Frolick & Associates. The broker's license of Mary Anne Frolick was entered into evidence without objection, and appellants do not challenge it on appeal. Elizabeth Marshall also testified that she was a licensed real estate agent and that also was not challenged, either below or on appeal. This was sufficient to satisfy the Code section set out above, and we find no error.

2. Appellants also allege that the rule of witness sequestration was violated when Elizabeth Marshall was allowed to remain in the courtroom for a period of time after she testified. The record shows that appellants never invoked the rule and did not object when she remained after her testimony. Inasmuch as appellants never raised any objection before the trial court, they have waived any alleged error on appeal. *Watson v. State*, 222 Ga. App. 158, 159 (473 SE2d 262) (1996).

3. Appellants also argue the trial court erred in giving two of plaintiff's requested charges. First, we note that appellants' brief does not support this enumeration of error by citing to the charge conference where the court's determinations were made nor to the charge itself, contrary to the requirements of Court of Appeals Rule 27 (c). Next, it is apparent from the transcript of the charge conference that defense counsel acquiesced in giving one of the requested charges and did not object at the close of the jury charge. As to the other objected-to charge: "The term 'submitted' includes showing a home to an individual as a potential purchaser," appellants do not show this to be an incorrect statement of the law, nor do they point out how it could have confused or misled the jury. Rather, the instruction appears to help clarify an issue before the jury. "Instructions which, when the jury is given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error." (Punctuation omitted.) *Smaha v. Moore*, 193 Ga. App. 23, 24 (387 SE2d 13) (1989).

Appellants also claim that the trial court erred in refusing to give one of their requested charges; but, the trial court found this to be a restatement of one of the other requested charges and defense counsel did not object. This enumeration of error has no merit.

4. Appellants next argue that the verdict was contradictory and there is no way to interpret it in a way to authorize the jury's award. We disagree. First, we note that the evidence, as set out above, would authorize the jury to find that the Ansaris and Fatemis conspired to deprive the plaintiff of her commission and supports the award of damages against the defendants jointly and severally. Also, the verdict form consisted of three parts: the first part providing for an award of damages against all defendants, the second section awarding damages against only the Ansaris, and a third section providing for an award against only the Fatemis. Appellants did not object to the form of the verdict at trial. If the form of the verdict was improper, irregular, or incomplete, it was incumbent on appellants to object to it in a timely manner. In light of their failure to do so, any alleged deficiency has been waived. *Hadlock v. Anderson*, 246 Ga. App. 291 (540 SE2d 282) (2000).

5. In their last enumeration of error, appellants claim that the punitive damages award was improperly based on prejudice and bias against the defendants who are Iranian-born U. S. citizens. Appellants have not pointed us to any statements made to the jury that could be construed as derogatory to Iranian-Americans, and we find none.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 20, 2002.

*Rowen & Klonoski, Sharon L. Rowen, Scoggins & Goodman, David L. Rusnak*, for appellants.
*Fowler, Hein & Kreimer, Stanley E. Kreimer, Jr., Donald L. Mize*, for appellee.