### 50647. MOREY et al. v. DIXIE LIME & STONE COMPANY.

SUBMITTED APRIL 30, 1975 — DECIDED MAY 12, 1975 —
REHEARING DENIED JUNE 2, 1975.

*Vann & Tyson, William F. Tyson, Jr.,* for appellants.
*Twitty & Twitty, Frank S. Twitty, Sr.,* for appellee.

DEEN, Presiding Judge.

1. (a) Error is assigned on the following jury instruction: "I charge you that in determining whether plaintiffs are entitled to damage and how much, if any, you would have the right to take into consideration any knowledge plaintiffs had prior to purchasing said property of any previous damage thereto by reason of the operation of said adjacent mine, and whether or not at the time of actual purchase they were aware that the sludge from said mining operation was overflowing on the lands which they purchased or any part thereof."

To tell the jury that in considering how much damage the plaintiff was entitled to they might consider whether or not he knew of the sludge overflow at the time of purchase is at least subject to the interpretation that such knowledge would diminish or preclude damages. The appellant contends that the damages which were awarded were unreasonably low. There is no way to determine whether the amount was in fact influenced by the charge as given, for which reason a reversal is required. See *Roughton v. Thiele Kaolin Co.,* 209 Ga. 577 (2) (74 SE2d 844); *Miller v. Coleman,* 213 Ga. 125, 126 (97 SE2d 313).

(b) It is contended by the appellee that if the instructions here dealt with were error they should not be considered because the objection made at the conclusion of the charge was inadequate. Counsel stated: "I object to that portion of the charge which says the jury has the

right to take into consideration any notice or knowledge the plaintiffs had of previous damage. In view of the fact that Mrs. Erwin assigned her cause of action to the plaintiffs, I don't think that is an appropriate charge."

Under Code Ann. § 70-207 (a) it is required of counsel objecting to a jury instruction to state distinctly the matter to which he objects and the ground of objection. As stated in the special concurrence in *A-1 Bonding Service, Inc. v. Hunter,* 125 Ga. App. 173, 181 (186 SE2d 566), disapproving the specifications formerly required in *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393), the rule is taken from the Federal Rules of Civil Procedure, and as stated in Moore's Fed. Practice, Vol. 5A, § 51.04, p. 2521, it does not require formality and "it is not important in what form an objection is made or even that a formal objection is made at all, as long as it is clear that the trial judge understood the party's position." It must be obvious that the felicitous phraseology possible after spending a month's effort on refining enumerations of error is not always possible just at the end of the effort of conducting a trial, making a concluding argument, and listening to the charge in its entirety. Counsel here pointed out exactly the part of the court's instruction to which he took exception ["the jury has the right to take into consideration any notice or knowledge the plaintiffs had of previous damage"] as being an inappropriate charge, which it was. This is partly but not entirely because Mrs. Erwin had assigned her cause of action; nevertheless, it is sufficient to get the point across. In view of the importance of the issue, as well as the fact that the court undoubtedly understood what counsel was objecting to and why he was objecting; we have treated the objection as sufficient for consideration by this court. See also *Smith v. Tri-State Culvert Mfg. Co.,* 131 Ga. App. 836 (207 SE2d 203).

2. The verdict was not inadequate as a matter of law.
*Judgment reversed. Evans and Stolz, JJ., concur.*