### 51533. TATE et al. v. GIBSON PRODUCTS COMPANY.

STOLZ, Judge.

In this action by a husband and wife for damages for her slipping and falling, while a customer of the defendant's, on the defendant's concrete ramp as a result of its alleged negligent construction and maintenance by the defendant, the plaintiffs appeal from the verdict and judgment for the defendant.

1. The charge objected to in enumerated error 1 was comprised of instructions approved in *Boyd v. Boyd,* 173 Ga. 139, 144 (2) (159 SE 674) and *Richards v. Harpe,* 42 Ga. App. 123 (12) (155 SE 85). The trial judge elsewhere clearly defined the term preponderance of evidence and fully set forth the method of determining where the

preponderance lay. Mere repetition of these correct and applicable principles of law was not such error as requires reversal, since it did not take color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury. *Mullis v. Chaika,* 118 Ga. App. 11 (3) (162 SE2d 448).

2. The defendant's eighth request to charge, based on language in *Pilgreen v. Hanson,* 94 Ga. App. 423, 425 (94 SE2d 752), was as follows: "The plaintiff cannot recover against the defendant without proving that the alleged defect in the ramp which the plaintiff contends caused her to slip, if you find from the evidence it was a patent defect, was for some reason not connected with any negligence on the plaintiff's part *not patent or obvious to the plaintiff."* (Emphasis supplied.) The judge's omission of the italicized phrase in giving the above requested charge, made the charge illogical, as the appellants contend, as it did not complete the sentence, hence did not convey the true meaning of the principle involved. This error was not reversible as contended in enumerated error 2, however, since the omission was supplied by other instructions, such as, "If the alleged defect is not of such a nature and character as to be necessarily seen in the exercise of ordinary care by the person coming upon the premises, then the owner and occupier may be found guilty of negligence, if you find he was negligent or knowingly maintained the premises in such a fashion as to deviate from the standard of ordinary care."

3. In enumerated error 3 it is contended that the charge — "if the plaintiff did look where she was walking and the alleged defect was clearly visible and could have been seen by *anyone* who did look, the plaintiff cannot recover." (emphasis supplied) — erroneously substituted the standard of "anyone" for that of the "ordinary prudent person." The correct standard was given elsewhere in the charge; therefore, this enumerated error is without merit.

4. The judge charged the jury, "if you find from the evidence in this case that the plaintiff has testified to facts in one instance and also testified that she does not know them to be true, this neutralizes her testimony and proves nothing." Enumerated error 4 contends that this charge is inconsistent with another charge given, to the effect that

"the credibility of a witness is a matter to be determined *by the jury* under proper instructions by the court." The charge complained of is a true statement of the law, *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524) and cits., was appropriate because of apparently conflicting testimony of the plaintiff with regard to when she observed the condition of the ramp, and was not inconsistent with the other charge, which dealt with conflicts in testimony *between witnesses.* The instruction, prefaced by the language "if you find from the evidence in this case that . . .," was not one-sided, argumentative, or opinionative. See *McHone v. Williams,* 111 Ga. App. 747 (1) (143 SE2d 63).

5. The charge complained of in enumerated error 5 is that "if you find from the evidence in this case that the plaintiff testifies, is self-contradictory, vague or equivocal and without other evidence to the right of recovery, she is not entitled to recover against the defendant and the verdict would be against the plaintiff." This charge stated a correct principle of law, set forth in *Douglas v. Sumner,* 213 Ga. 82, 85 (97 SE2d 122), cited in *Dykes v. Hammock,* supra, and was not inconsistent with the jury's right to determine witnesses' credibility, as we held in Division 4 hereinabove. In reviewing this and the other charges enumerated as error, we have applied the principle of looking to the charge in its entirety to determine whether it is misleading. See *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (1) (199 SE2d 275) and cits.

6. The verdict and judgment were authorized by expert testimony that the ramp as constructed and maintained met the current commonly used safety standards and by evidence, including the plaintiff's testimony, that the area was adequately lighted, that she had used the ramp before, that she didn't know why she had slipped, and that after the fall nothing was observed in the vicinity of the ramp on which the plaintiff might have fallen.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 26, 1976 — REHEARING DENIED FEBRUARY 16, 1976 —

*Johnson & Casper, Michael R. Casper,* for appellants.

*Greer, Sartain & Carey, Tifton S. Greer, J. Nathan Deal,* for appellee.