## 31609. CHRISTIANSEN v. ROBERTSON..

Hall, Justice.

Pursuant to Rule 36 (c) this court grants the applicants' petition for a writ of certiorari. The decision of the Court of Appeals is reported in *Christiansen v. Robertson,* 139 Ga. App. 423 (1976).

We grant certiorari to reconcile conflicting decisions of the Court of Appeals on the specificity required by Code

Ann. § 70-207 (a) in making an objection to the charge of the trial court. The subsection relates to civil cases and states that the objector should state "distinctly the matter to which he objects and the grounds of his objection." The decision of the Court of Appeals requiring a rather strict standard of specificity is *Ga. Power Co. v. Maddox,* 113 Ga. 624 (1) (149 SE2d 393) (1966). A very divided Court of Appeals took different positions on this test in *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173 (186 SE2d 566) (1971). See also *Smith v. Tri-State Culvert Mfg. Co.,* 131 Ga. App. 836 (207 SE2d 203) (1974).

We disapprove and overrule the test enunciated in the *Ga. Power Co.* case, supra, and approve the test set forth in Judge Deen's special concurrence in *A-1 Bonding Service,* supra.

Code Ann. § 70-207 (a) seeks to eliminate the sporting aspect of objecting to the charge. It will not allow counsel in a civil case to gamble by refusing to object to a possibly erroneous charge or an omission in a charge, hoping for a favorable verdict, and then relying upon the error to obtain a new trial if the verdict is unfavorable. On the other hand, the statute does not demand a formalistic, technically perfect objection. The only requirement is that the grounds of the objection be stated distinctly enough for a "reasonable" trial judge to understand its nature, enabling him to rule intelligently on the specific point.

Applicants' counsel made the following objection: "Turning to the defendant's request No. 6, we would like to except to the court's giving that particular charge, the charge of sudden emergency." The Court of Appeals held that the objection lacked the required specificity. Applicants contend here that a trial court would know that the objection asserted that the doctrine of sudden emergency was not applicable. We agree. The Court of Appeals erred in not considering this enumeration on its merits.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED OCTOBER 6, 1976.

*Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Earl B. Benson, Jr.,* for appellants.
*Sidney F. Wheeler,* for appellee.