## 58947. MCKEIGHAN et al. v. LONG.

SMITH, Judge.

Appellants brought an action in tort, alleging that appellee's negligence resulted in an auto collision. The jury returned a verdict in favor of appellee. The trial court entered judgment in favor of

appellee and denied appellants' motion for new trial. We affirm.

1. Contrary to appellants' assertions, there was evidence to support the verdict.

Appellant Bennie C. McKeighan was traveling in an easterly direction on Travis Field Road, approaching the intersection of Travis Field Road and Georgia Highway 21. The evidence is uncontroverted that a stop sign was placed on Travis Field Road at the intersection. Appellant testified that in addition to the stop sign, there was also a traffic light at the intersection. The investigating officer testified that the traffic light became operational approximately an hour and a half before the collision. According to appellant, the traffic light on Travis Field Road was green at the time of the collision.

Appellee was traveling south on Georgia Highway 21. Appellee testified that his view of the intersection was obstructed by a truck which was traveling directly in front of him. When the truck got into the right lane in order to turn, appellee "saw this automobile right in front [of] me, almost stopped and he was waving his arm out his window, so I put my foot on the brake but I saw I was gonna clear, so . . . I taken my foot off the brake . . . and then when I taken my foot off the brake and then's when she came out . . ."

"Questions of negligence . . . are for the jury to determine except in plain, palpable, and undisputed cases . . ." *Gordon v. Carter*, 126 Ga. App. 343, 345 (190 SE2d 570) (1972). There was evidence in this case from which the jury could determine "that the plaintiff did not exercise ordinary care in failing to attempt to prevent the collision . . ." *Braswell v. Owen of Ga.*, 128 Ga. App. 528, 533 (197 SE2d 463) (1973).

2. Appellant asserts that the trial court erred in charging the jury "on the doctrine of sudden emergency," "on the effect of a malfunctioning traffic light," and "on the effect of a stop sign." However, the record indicates that appellant made no objection to the charge at trial. As appellants' counsel stated: "Your honor, I'd probably be knit-picking [sic], I won't make any objections." There being no "substantial error in the charge which was harmful as a matter of law" (Ga. L. 1965, pp. 18, 31, as amended (Code Ann. § 70-207 (c)), enumerations of error 3—5 are without merit. See *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (196 SE2d 149) (1973).

3. Appellants assert that appellee's counsel is a judicial officer in the same district in which the instant case was tried and is therefore precluded from serving as counsel under the due process and equal protection clauses of the U. S. Constitution. Appellants

also argue that Art. VI, Sec. IX of the Constitution of the State of Georgia (Code Ann. § 2-3801), which exempts state and city courts from the uniformity provisions of the Georgia Constitution, violates the equal protection clause of the Fourteenth Amendment. These arguments were not advanced prior to judgment. "[A] party cannot during the trial ignore what he thinks to be an error or an injustice, take his chance on a favorable verdict, and complain later . . ." *Keno v. Alside, Inc.* 148 Ga. App. 549, 551 (251 SE2d 793) (1978).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED FEBRUARY 28, 1980 — REHEARING DENIED MARCH 27, 1980.

*E. Malcolm Corbett, Jr., Thomas P. Rack, Donald E. Austin,* for appellants.

*Steven E. Scheer,* for appellee.