### 59587. BROOKS v. RALSTON PURINA COMPANY.

MCMURRAY, Presiding Judge.

George W. Brooks is a poultry farmer, having an egg operation located in Peach County, Georgia. Brooks purchased his feed for his laying hens from Ralston Purina Company whose mill is located in Macon, Georgia. Five deliveries of chicken feed were made during the month of November, 1977. About two days after the first delivery in November, Brooks noticed a "greenish tint" to the feed coming into the troughs of his automatic feeding system. He notified Purina who made a check on what he considered to be "bad feed." He then noticed his egg production was off and noted in his production records that the production declined because of "bad feed" after the "green feed" was augered into the feed troughs.

As a result of the decline in production he was required to purchase considerable eggs from other farmers in order to meet his supply to grocery stores with whom he had agreements to supply eggs. However, he made no attempt to stop purchasing feed from Purina, and it is noted that he received the four remaining loads of feed in November, 1977, and did not request Purina to remove the feed and take it back.

Brooks refused to pay for the feed, and Ralston Purina Company sued on open account for the amount due seeking

judgment in the amount of $5,101.63 plus interest, attaching a statement of account to the suit. Defendant Brooks answered, admitting only jurisdiction and otherwise denying the complaint. He also counterclaimed for damages by reason of the lost production from the "bad batches of chicken feed," contending the negligence of the plaintiff is the sole and proximate cause of the damages he suffered in the amount of $7,500. The case proceeded to trial, resulting in a verdict and judgment in favor of the plaintiff, Ralston Purina Company, in the amount of the open account ($5,101.63). Damages were denied to the defendant "due to negligence of equal amount on the part of both the plaintiff and the defendant." A motion for new trial was filed and denied, and the defendant appeals. *Held:*

1. Defendant enumerated error to the verdict contending it was contrary to law and contrary to the evidence in that the court erred in charging as to the alleged negligence of the defendant in failing to exercise ordinary care to protect his own chickens in receiving bad feed, if any. Defendant contends there was no evidence of negligence on his part so as to authorize a jury instruction as to possible concurrent and contributory negligence, that is, "comparative negligence" between the parties.

It is noted here that the only evidence as to the so-called "bad feed" which allegedly caused the decline in production was the testimony of the defendant. It is also noted that the defendant made no effort to change feed or to purchase other feed or to stop delivery of the feed of the plaintiff. Plaintiff also offered testimony that it had checked the sample delivered to it by the defendant and found no change in the formula. Expert testimony also was offered by the plaintiff that the "green feed" was caused by "alfalfa meal" which would make a significant color change in the feed. Inasmuch as the testimony disclosed that the defendant discovered the color change and the fact that the feed, as defendant contends, was "bad" on or about November 8, 1977, and thereafter failed to take any measures to remove the feed from his flocks but continued to accept four more loads of the same feed and continued to feed it to his chickens even though he had reason to believe that the feed was in fact "bad," there was evidence to support the charge on comparative negligence to the jury. The defendant testified that in his opinion the decline in production occurred by reason of the change of the coloring of the feed delivered to him, believing that the feed was defective. See Code § 105-603 which reads: "If the plaintiff [defendant by counterclaim] by ordinary care could have avoided the consequences to himself caused by the defendant's [plaintiff in the case sub judice] negligence [if any], he is not entitled to recover." The trial court, under the

evidence here, did not err in charging on comparative negligence, that is, the defendant [in the counterclaim] could not recover if the parties were equally negligent or if his negligence was greater than that of the opposing party. See *Zayre of Ga. v. Ray,* 117 Ga. App. 396, 397 (4) (160 SE2d 648). While the duty imposed by law upon the defendant to exercise ordinary care to avoid the consequences of another's negligence does not arise until negligence of such other is existing and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence, nevertheless, under the circumstances of this case the comparative negligence rule was proper; and the trial court did not err in so charging. *Holland v. Watson,* 118 Ga. App. 468 (2), 472 (164 SE2d 343); *Bartow County School District v. Weaver,* 121 Ga. App. 733, 737 (5) (175 SE2d 78); *Chaffin v. Atlanta Coca Cola Bottling Co.,* 127 Ga. App. 619, 621 (2) (194 SE2d 513); *Harris v. Hub Motor Co.,* 124 Ga. App. 490 (184 SE2d 199); *Parham v. Roach,* 131 Ga. App. 728, 734-735 (4) (206 SE2d 686).

2. Defendant also contends that the verdict is contrary to law in that the trial court did confuse the jury by misidentification of the parties in giving its jury instructions to them. However, it is noted that at the end of the charge when the parties were given a suitable opportunity to make an objection to the charge, defendant's only exception was to the portion of the charge showing or tending to show negligence on the part of the defendant, counsel for the defendant stating that he did not feel that "comparative negligence" was involved in the case. As this was the sole objection to the charge, there is no merit in his complaint to the charge otherwise since "no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). See also *Christiansen v. Robertson,* 237 Ga. 711, 712 (229 SE2d 472); and *Mathews v. Penley,* 242 Ga. 192, 194 (249 SE2d 552). Under the circumstances we cannot say that the error claimed is blatantly apparent and prejudicial so as to be presumptively harmful to the losing party, and it did not have the effect of minimizing in the minds of the jury the real issues to be decided. There is no merit in this complaint.

3. Where the trial court has approved the verdict, the sole question for determination by the appellate court on review is whether there is any evidence sufficient to authorize it. See *Adler v. Adler,* 207 Ga. 394 (7), 405 (61 SE2d 824); *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Smith v. Hornbuckle,* 140 Ga. App. 871, 879 (232 SE2d 149); *Weatherspoon v. K-Mart Enterprises of Ga.,* 149 Ga. App.

424, 428 (5) (254 SE2d 418). The jury having weighed the evidence and made its determination, the trial court did not err in denying the motion for new trial, and none of the enumerations of error are deemed to be meritorious.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 12, 1980 — DECIDED JULY 3, 1980.

*Lawrence C. Collins,* for appellant.
*G. Bryant Culpepper,* for appellee.