### 67542. SEGARS v. PRINTING SERVICE COMPANY.

SOGNIER, Judge.

Rebecca L. Segars sued the Printing Service Company to recover for injuries allegedly received in an automobile collision. By consent order, Catherine Wetzell, the driver of the vehicle owned by Printing Service Company, was substituted as the defendant in lieu of Printing Service. Wetzell admitted responsibility for the rear-end collision. However, the jury returned a verdict in favor of Wetzell. Segars appeals.

1. Appellant contends that the trial court erred by giving two of appellee's requested jury charges. No objection was made to the charge on pre-existing condition and appellant's right to complain of this charge on appeal was thereby waived. *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982); *McKeighan v. Long*, 154 Ga. App. 171, 172 (2) (268 SE2d 674) (1980).

Appellant's objection to one of the trial court's charges on damages was stated as follows, "I object to Defendants [sic] request number 5 which is the pain claim." The grounds of the objection must be stated distinctly enough for a reasonable trial judge to understand its nature, enabling him to rule intelligently on the specific point. *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976). While appellant has articulated on appeal her complaint that the charge in question pertained to recovery of special damages and was inappropriate where appellant's claim was limited to pain and suffering, the statement of the objection would not have made this ground reasonably understood by the trial court. Therefore, the exception to the charge is waived. *McGaha v. Kwon*, 161 Ga. App. 216, 218 (288 SE2d 289) (1982); *Brooks v. Ralston Purina Co.*, 155 Ga. App. 164, 166 (2)

(270 SE2d 347) (1980); *Harper v. Ga. Sou. &c. R. Co.*, 140 Ga. App. 802, 804 (7)-806 (232 SE2d 118) (1976).

"[A]ny alleged error in the instructions was not so prejudicial as to result in a gross miscarriage of justice which would bring the error within the substantial error rule [OCGA § 5-5-24 (c)]." *Jim Walter Corp. v. Ward*, 150 Ga. App. 484, 491 (258 SE2d 159) (1979), rev'd on other grounds, 245 Ga. 355 (265 SE2d 7) (1980). See *Hunter, McKeighan,* supra.

2. Appellant contends that the trial court erred by sustaining appellee's objections to her testimony relating to certain conversations with her physicians. The purpose of such testimony, appellant argues, was to explain why she was not hospitalized for treatment of her injury. It is apparent from the transcript that testimony was given by appellant and one of her physicians as to at least some of the reasons appellant did not enter the hospital, and no limiting instruction was given by the trial court following appellee's objection. However, appellant made no offer of proof concerning what the conversations with her physicians would reveal. "To complain of exclusion of evidence on direct examination the one who offers the evidence must show 'that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party.' [Cits.]" *Thompson v. Hill*, 143 Ga. App. 272, 274 (2) (238 SE2d 271) (1977). See *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (2) (292 SE2d 444) (1982). Appellant failed to make the requisite offer of proof, so there is nothing for us to review on appeal.

*Judgment affirmed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED MARCH 16, 1984.

*John M. Brown*, for appellant.
*Weymon H. Forrester, George L. Simpson*, for appellee.