70482. GREEN v. DILLARD et al.

(337 SE2d 55)

McMURRAY, Presiding Judge.

Walter C. Green sued Claudette Harrell Dillard and her father James Harrell for damages sustained as a result of injuries arising

from the following circumstances. On July 30, 1967, the plaintiff, who was five years old, was riding a bicycle down his neighbor's driveway and into the street when he collided into a vehicle driven by the defendant. The plaintiff's sister was an eyewitness and at trial described the incident as follows: "We were riding bikes down the hill to our driveway from across the street at the Osterman's, and I'd taken my turn and Walter [the plaintiff] was going to take his turn. And I went to the bottom of the hill to look for any cars that would be coming from the left side, and there weren't any. I went back up and told him [the plaintiff] to go. And so he went down the hill, I lost him when he went to the left. And I heard brakes coming from the wheels coming around the curve, and brakes skidding, and I heard a thud. And I ran down to the bottom of the hill and found him there, and started shaking him and he wouldn't wake up, so I started screaming and ran back up the hill to the car, and started screaming that she'd [the defendant Dillard] killed him." The defendant Dillard testified as follows: "[A]s I approached the Osterman's driveway, no pre-warning, I just approached the driveway, and the next thing I knew, the bicycle was in the side of my car. There was no pre-warning, there was no sight of [the plaintiff], there was no sight of anything. All I know is the bicycle came down out of the driveway into the front side of my car." From these and other facts adduced at trial the jury returned a verdict in favor of the defendants. Judgment was entered on the verdict and plaintiff now appeals. *Held*:

1. In his first enumeration of error the plaintiff contends that the verdict was contrary to the evidence and contrary to law. In support of this contention the plaintiff argues that the defendant was negligent as a matter of law because she was speeding at the time of the incident. A careful review of the transcript shows that the evidence is not clear concerning the rate of speed at which the defendant was traveling at the time of the incident. However, assuming the defendant Dillard was speeding and consequently negligent per se as a matter of law, in order for the plaintiff to recover, the defendant's negligence must have been the proximate cause of the plaintiff's injuries. See *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 511-512 (317 SE2d 853).

" 'Whether [the jury's] verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.' *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824)." *Southern R. Co. v. Garner*, 101 Ga. App. 371, 373 (2) (114 SE2d 211).

After a careful review of the transcript in the case sub judice, we

find that the evidence was sufficient to authorize the jury's verdict.

2. The plaintiff contends that the trial court erred in failing to give his request to charge numbers 1, 3, and 9 and in giving defendants' request to charge their numbers 9, 12, 23 and 30. The defendants contend that the plaintiff's exceptions to these charges did not state specific grounds of objection and did not apprise the trial court of the corrections needed to cure the alleged errors.

OCGA § 5-5-24 (a) "does not demand a formalistic, technically perfect objection. The only requirement is that the grounds of the objection be stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472). In the case sub judice, the plaintiff did not state any grounds upon which the failure to give his requests to charge and the giving of defendants' requests to charge were challenged and did not apprise the court of corrections needed to cure the alleged errors. The plaintiff's objections consisted only of a statement whereby counsel excepted to a series of numbered charges. These objections are not sufficient to meet the standard set out in *Christiansen v. Robertson*, 237 Ga. 711, supra. See *Segars v. Printing Svc. Co.*, 170 Ga. App. 345 (1) (317 SE2d 322); *Dept. of Transp. v. Clower*, 170 Ga. App. 750 (2) (318 SE2d 161).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 28, 1985.

*Joseph A. Boone, J. David McRee, Robert H. Green*, for appellant.

*George N. Skene, John W. Winborne III, Leigh M. Wilco*, for appellees.