## 72120. SELLERS v. LAWRENCE.
(344 SE2d 710)

BIRDSONG, Presiding Judge.

The appellant Sellers sued for injuries sustained when she slipped upon the stairs of the apartment building owned by appellee Lawrence, while going to visit her brother who lived there. Following a verdict for the appellee, Sellers appeals, enumerating as error the trial court's charge on "accident." *Held*:

The evidence showed neither the plaintiff, nor anyone else, knew what it was that caused Sellers to slip. It might have been an acorn from a tree; it might have been a child's play ball. What is more, no one knew how long the object, whatever it was, had lain upon the steps. Clearly, since no one really knows what it was, it could have been the result of *"an event not proximately caused by negligence but which instead [arose] from an unforeseen or unexplained cause. [Cit.]" Chadwick v. Miller*, 169 Ga. App. 338, 339-340 (312 SE2d 835).

The evidence also showed that the appellee had been the owner of the apartment building but a matter of days, that a light bulb on the stairway had been stolen, and that no one had alerted the owner of any problem. Under these circumstances, it cannot necessarily be said the appellee was negligent and that his negligence (or Sellers') caused or allowed whatever it was that made Sellers slip. The trial court did not err in charging legal accident, and the jury cannot be blamed for concluding that is what it was.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1986.

*M. Dean Hall*, for appellant.
*Terry A. Dillard, Daniell S. Landers*, for appellee.