A89A0265. FLOWERS v. KROGER COMPANY.
(382 SE2d 184)

Banke, Presiding Judge.

The appellant sued to recover for personal injuries which she allegedly sustained when she slipped and fell in a grocery store owned and operated by the appellee. This appeal stems from the trial court's direction of a verdict in favor of the appellee storeowner at the close of the appellant's case.

The appellant testified that as she approached a section of the produce department to obtain an artichoke, her path was blocked by two store employees who were "bagging" produce from a cart. She stated that when she asked to get an artichoke, one of the employees wheeled the cart out of her way and that she then slipped and fell upon stepping forward. She further testified that after falling she noticed that she was sitting in some "smashed up vegetable debris" consisting of the same type of produce as that being bagged by the employees and that there was a plastic bag present with the debris which was similar to the bags used by the store to wrap produce. A witness to the incident testified that the floor in the area where the appellant fell was not clean and that it looked like she fell on "vegetable matter." There was no evidence concerning the length of time the debris had been on the floor. *Held*:

An owner or occupier of land is liable for damages to invitees caused by his failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. "The basis of the proprietor's liability is his superior knowledge, or his superior opportunity to discover a dangerous condition, as compared with the opportunity of his invitee." *Belk-Gallant Co. of LaGrange v. Cordell*, 107 Ga. App. 785, 788 (131 SE2d 575) (1963). Where the alleged dangerous condition consists of the presence of a foreign substance on the floor, the proprietor's superior opportunity to discover the substance may be established by evidence that an employee " 'was in the immediate area of the dangerous con-

dition [who] could have easily seen the substance and removed the hazard.'" *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) (1980). In order to make out a prima facie case under this theory, however, it must additionally be shown that the substance had been on the floor for a length of time sufficient to have enabled the employee to discover and remove it. *Mitchell v. Food Giant,* 176 Ga. App. 705, 709 (337 SE2d 353) (1985).

It is inferable from the testimony of the appellant in this case that she slipped on vegetable debris which had been dropped to the floor by the store employees who were bagging the vegetables. Thus, this is an actual knowledge case rather than a "superior opportunity to discover" (or constructive knowledge) case, and it was therefore unnecessary for the appellant to produce evidence showing how long the debris had been on the floor. Accord *Baldwin County Hosp. Auth. v. Coney,* 188 Ga. App. 339 (1) (373 SE2d 252) (1988). Compare *Mitchell v. Food Giant,* 176 Ga. App. 705, supra. We consequently hold that the trial court erred in granting the appellee's motion for directed verdict.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*Waln & Miningham, Alan B. Waln,* for appellant.
*Douglas A. Wilde, Webb, Carlock Copeland, Semler & Stair, Kent T. Stair,* for appellee.