A90A0734. SHENNETT v. PIGGLY WIGGLY SOUTHERN, INC.
(399 SE2d 476)

POPE, Judge.

Plaintiff fell in the produce department while shopping at a Piggly Wiggly supermarket. At the time an employee was doing inventory in the produce area. Plaintiff told employees she hurt her knee and she had it checked at the hospital immediately after leaving the

store. Her knee improved, but she later alleged the fall in Piggly Wiggly caused severe back pain resulting in the loss of income and her job. Plaintiff had previously injured her back three times in 1984, the third time requiring hospitalization. A jury trial resulted in a verdict for the defendant, Piggly Wiggly Southern, Inc., upon which a judgment was entered. Plaintiff appeals and brings several enumerations of error regarding the court's charge to the jury.

1. Plaintiff claims error in the trial court's charge on contradictory, vague, or equivocal testimony given by the plaintiff. However, the charge was warranted since plaintiff's testimony varied regarding key elements of the case, such as location of employees in the area in which she fell and whether any foreign matter was on the floor.

The charge instructed the jury that plaintiff would not be entitled to recover if they found her testimony to be self-contradictory, vague or equivocal "and there is no other evidence to support her right to recover. . . ." This is a correct statement of the law and, when considered in light of the charge as a whole, was not misleading. See *Tate v. Gibson Prods. Co.*, 137 Ga. App. 615, 617 (5) (224 SE2d 465) (1976). Those cases cited by plaintiff in support of her argument that the instruction was in error involved the charge that the plaintiff could not recover if the plaintiff's self-contradictory, vague or equivocal testimony, construed most strongly against plaintiff, supported a verdict against the plaintiff. See *Weathers v. Cowan*, 176 Ga. App. 19 (2) (335 SE2d 392) (1985); *Maurer v. Chyatte,* 173 Ga. App. 343 (3) (326 SE2d 543) (1985). The charge in those cases did not permit the jury to consider other evidence which would support a verdict in favor of plaintiff. Here, by contrast, the charge correctly stated that the plaintiff would not be entitled to recover if the jury found her testimony to be self-contradictory *and* no other evidence was presented to support her claim.

2. Second, plaintiff maintains error in the charge that when there are no unusually dangerous conditions, an owner is not required to provide a constant patrol. Plaintiff alleges the charge is unnecessary because she never claimed the area was unusually dangerous. However, plaintiff raised the issue of defendant's duty to keep the floor free from dangerous substances by seeking to show violation of the store's sweeping policy and that defendant should have known of any foreign substances on the floor. The trial court did not err in correctly instructing the jury on the limits placed upon a proprietor's duty of care.

3. Neither did the trial court err in instructing the jury on the notion of constructive knowledge. We disagree with the plaintiff's assertion that the evidence showed defendant's actual knowledge of the presence of the alleged foreign substance on the floor and that no evidence was presented from which the jury could find mere constructive

knowledge of the substance. Although plaintiff attempted to show an employee was working with vegetables in the immediate area where she fell, immediately before she fell, so as to establish defendant's actual knowledge of the foreign substance (see *Flowers v. Kroger Co.*, 191 Ga. App. 464 (382 SE2d 184) (1989)), conflicting evidence was presented concerning the location of the employee. Thus, the evidence did not, as a matter of law, require the jury to find defendant had actual knowledge of the alleged foreign substance and defendant was entitled to an instruction concerning liability on the ground of constructive knowledge of the hazard.

4. Defendant raised the defense of legal accident in its answer to plaintiff's complaint. A party is entitled to plead alternative theories of defense. OCGA § 9-11-8 (e) (2). Thus, even though defendant also pleaded and presented evidence that plaintiff's injuries, if any, were proximately caused by her own negligence or assumption of risk, a charge on legal accident was warranted. This was not a case in which the alleged injury had to be the proximate result of the negligence of one party or the other. Cf. *Chadwick v. Miller*, 169 Ga. App. 338 (1) (312 SE2d 835) (1983). The fall possibly "could have been the result of '*an event not proximately caused by negligence* but which instead (arose) from an unforeseen or unexplained cause. (Cit.)' [Cit.]" *Sellers v. Lawrence*, 178 Ga. App. 734 (344 SE2d 710) (1986). The trial court did not err in charging the jury on the theory of legal accident.

5. Plaintiff's enumerations of error five and six relate to charges concerning expert medical testimony. A review of the record reveals these charges were not argumentative or unadjusted to the record. The argument that these charges contain erroneous statements of the law was not raised in the trial court and thus cannot be raised for the first time on appeal. See *Kent v. Henson*, 174 Ga. App. 400 (2) (330 SE2d 126) (1985).

6. Because we find no error in the charges given to the jury, as set forth above, we hold the trial court did not err in denying plaintiff's motion for new trial.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing plaintiff argues for the first time that the charge on contradictory, vague or equivocal testimony was erroneous because it is applicable only when the contradictory testimony is given at the trial and is not applicable when, as here, the contradictory testimony was given on some previous occasion. See *Slaton Machine Sales v. Owens-Illinois*, 138 Ga. App. 80 (3) (225 SE2d 473) (1976). Even if plaintiff's only contradictory testimony was that given at pre-trial deposition, and introduced at trial for impeachment,

plaintiff waived this objection by failing to raise it below. The only objections raised to the subject charge were the general objections that "it is inapplicable to the evidence . . . not adjusted to the evidence . . . is argumentative and would be more properly covered under other charges . . ." and the specific objection that "there is other evidence other than her testimony." The trial court had no opportunity to rule on the error now asserted because it was not raised in a "reasonably definite" manner. See OCGA § 5-5-24 (a). The ground for objection must be raised below to be pursued on appeal. See *Velkey v. Grimes*, 214 Ga. 420 (105 SE2d 224) (1958). The ground raised for the first time on motion for rehearing was not at trial "stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976). This is not one of those rare instances of fundamental error requiring reversal despite the failure to raise the objection below. See OCGA § 5-5-24 (c).

*Motion for rehearing denied.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 — 

Dozier, Akin & Lee, L. Z. Dozier, Jr., for appellant.
Martin, Snow, Grant & Napier, Walter E. King III, John C. Edwards, for appellee.