A91A0525. GREENE v. WRIGHT.
(407 SE2d 68)

BANKE, Presiding Judge.

The appellant filed this action against the appellee seeking to recover for injuries sustained as the result of an accident which occurred on a construction site where both of them were working. The case was tried before a jury, which returned a verdict in favor of the appellee. On appeal, the appellant contends that the trial court erred in charging the jury on the doctrines of accident, comparative negligence, and the duty to attempt to avoid injurious consequences caused by another's negligence.

Construed in favor of the verdict, the evidence introduced at trial may be summarized as follows. At the time of the accident, the appellant was working for a crane rental company which had supplied a crane to the construction site, his job being to ensure that the crane was properly stabilized and was maintained in proper operating condition. The appellee was employed by another company as a forklift operator and was engaged in the task of transporting stacks of roofing

126

insulation from a flatbed trailer to a drop-off site beside the crane. Both the location of the crane and the location of the drop-off site had been determined by the crane operator, who was the appellant's boss.

The appellee had driven a forklift for over 12 years and had transported 88 loads of roofing insulation from the trailer to the drop-off site previously that day without incident. As he was driving around the back of the crane with the next load, the appellant, seeking to deliver a message to him pursuant to instructions from the crane operator, yelled out his name, and he stopped. The appellant continued to walk towards the forklift; and as he approached it, the insulation began to fall, prompting the appellee to yell, "Look out!" According to the appellee, the appellant could have "jumped back out of the way" and avoided injury but instead held up his hands in a vain attempt to keep the insulation from falling. The insulation struck him on the back and knocked him over one of the outriggers of the crane, severely injuring him. *Held*:

1. The trial court did not err in charging the jury on the doctrine of legal accident. The jurors were authorized to conclude from the evidence that the appellee had exercised due care in loading the insulation onto the forklift; and although certainly not required to do so, they were further authorized to conclude that it was not reasonably foreseeable that stopping the forklift at the location in question would cause the load to fall. "A party is entitled to plead alternative theories of defense. OCGA § 9-11-8 (e) (2). Thus, even though defendant also pleaded and presented evidence that plaintiff's injuries, if any, were proximately caused by [his] own negligence . . . , a charge on legal accident was warranted. This was not a case in which the alleged injury had to be the proximate result of the negligence of one party or the other. Cf. *Chadwick v. Miller*, 169 Ga. App. 338 (1) (312 SE2d 835) (1983). The [accident] possibly 'could have been the result of "*an event not proximately caused by negligence* but which instead (arose) from an unforeseen or unexplained cause. (Cit.)" (Cit.)' [Cit.]" *Shennett v. Piggly Wiggly Southern*, 197 Ga. App. 502, 504 (4) (399 SE2d 476) (1990).

2. The trial court similarly was authorized by the appellee's testimony to charge on comparative negligence and avoidance of consequences.

*Judgment affirmed. Beasley, J., concurs. Carley, J., concurs in Division 2 and in judgment.*

DECIDED MAY 31, 1991 —
REHEARING DENIED JUNE 24, 1991 —

· *Robert A. Moss, Gale W. Mull*, for appellant.
*Smith, Gambrell & Russell, John D. Hipes, David A. Handley*, for appellee.