A91A2260. WHISANANT et al. v. NORTHEAST GEORGIA MEDICAL CENTER, INC.
(414 SE2d 739)

Judge Arnold Shulman.

The appellants, Lois Whisanant and her husband, Harold Whisanant, sued the appellee, Northeast Georgia Medical Center, as a result of Lois Whisanant's injury during a recreational therapy session while a patient at the appellee's facility. A jury trial resulted in a verdict for the appellee. The appellants have appealed to this Court, contending that the trial court erred in charging the jury on the defense of legal accident.

Lois Whisanant was a patient in the appellee's drug rehabilitation unit following her adverse reaction to a prescription drug. While there, the appellee's employee, Deana Eaves, a recreational therapist, engaged the appellant in therapy involving the use of an earth ball, an inflated ball approximately four feet in diameter. According to Eaves' testimony, the intended use of the ball on that occasion was to permit the appellant to rock gently back and forth on the ball thus providing fun and relaxation to the appellant. This was to be accomplished by means of Eaves and the appellant grasping each other's hands across

the top of the ball and see-sawing back and forth on the ball. However, because of the appellant's short stature and short fingers, the two were unable to grasp hands; instead, Eaves grasped the appellant's wrists and they began to rock back and forth on the ball. The appellant testified that her grasp was not as secure as that of Eaves and that on her third descent toward the floor, her wrists slipped from Eaves' grasp which caused her to fall backward, strike the floor and sustain a skull fracture. Eaves testified that she pulled the appellant up onto the ball first and that the incident occurred when the appellant descended to the floor and somehow failed to achieve firm footing. Still grasping Eaves' wrists, the appellant began to fall backward, thereby pulling Eaves over the top of the ball. Eaves testified that she voluntarily released the appellant from her grasp in order to avoid falling on top of her. The trial judge included in his instructions to the jury a charge on the defense of legal accident, to which the appellants objected.

The appellants contend that there was no evidence authorizing a finding that the incident was an accident as defined by Georgia law. This court has frequently considered the issue of when and under what circumstances a charge on the defense of legal accident is appropriate. In our extensive opinion in *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983), we noted that unlike some other jurisdictions, Georgia has not abandoned the defense of legal accident. However, we reiterated that it is not a truly separate defense, being "merely 'elaborative' of general principles of negligence law." Id. at 342. We then held that "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." Id. at 344. In the present case, the appellants offered no evidence to contradict Eaves' testimony that her intended use of the earth ball and her method of grasping the appellant's wrists were acceptable and consistent with her training in the use of the ball. The only other witness to the incident who testified at the trial (other than the appellant) gave conflicting statements as to whether or not Eaves was grasping the appellant's hands or wrists at all times while on the ball, but was unequivocal in his statement that the appellant was already down and off the ball and stepping backward away from it when she lost her footing, stumbled and fell. Considering the alternatives presented by the evidence in a light most favorable to the verdict, the jury was authorized to find not only that Eaves had exercised due care in her therapeutic use of the earth ball with the appellant, but that the appellant for her part also had exercised ordinary care and therefore had not been negligent. "This was not a case in which the alleged injury had

to be the proximate result of the negligence of one party or the other. Cf. *Chadwick v. Miller* [supra]. The fall possibly 'could have been the result of *"an event not proximately caused by negligence* but which instead (arose) from an unforeseen or unexplained cause. (Cit.)" (Cit)' [Cit.]" *Shennett v. Piggly Wiggly Southern,* 197 Ga. App. 502, 504 (4) (399 SE2d 476) (1990); *Greene v. Wright,* 200 Ga. App. 125, 126 (1) (407 SE2d 68) (1991). For these reasons, and in view of the trial court's comprehensive charge to the jury on the issues of negligence and proximate cause, we conclude that it was not error for the trial court also to charge the jury on the defense of accident.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 17, 1992.

*David D. Blum,* for appellants.

*Whelchel, Dunlap & Gignilliat, Thomas M. Cole, Madeline S. Wirt,* for appellee.