## A91A1517. CORNELIUS v. LAWRENCE.
### (416 SE2d 115)

BEASLEY, Judge.

Tenant Cornelius appeals the denial of her motion for new trial following a defendant's verdict in her suit against landlord Lawrence to recover the stipulated amount of $9,094.50 for personalty damaged and lost in a fire at the leased garage apartment. Liability was the sole issue at trial. Cornelius alleged that the fire was caused by a defective floor furnace exploding or otherwise expelling flames, and that Lawrence had both actual and constructive notice that the furnace was defective but negligently failed to remedy the dangerous condition. The appeal challenges the jury charge.

1. " 'Even without a motion to dismiss the appeal, it is the duty of the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt. (Cits.)' [Cits.]" *McClanahan v. State*, 196 Ga. App. 737 (1) (397 SE2d 24) (1990).

The verdict was entered March 5, 1991. The motion for new trial was filed March 12 and was denied on April 29. Notice of appeal was filed that day. Judgment on the verdict was not entered until May 28.

Even though the motion for new trial was premature, " 'this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal' [cit.]," *McClanahan*, supra at 737 (1), in the face of a timely notice of appeal from the disposition of the motion and the subsequent entry of judgment. See *Jessup v. Newman*, 191 Ga. App. 772 (383 SE2d 136) (1989); *McKeever v. State of Ga.*, 189 Ga. App. 445, 446 (375 SE2d 899) (1988); *Joiner v. Perkerson*, 160 Ga. App. 343 (1) (287 SE2d 327) (1981); *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972).

2. Cornelius contends that the trial court committed reversible error in failing to grant a new trial because the court did not charge the jury on res ipsa loquitur and did instruct the jury on accident.

First, since the motion for new trial raising the contentions was void from prematurity, there was no error in denying it. *Harrison*, supra at 692 (1).

Second, appellant's complaints do not achieve their desired end.

The contention that the failure to instruct on res ipsa loquitur completely undermined Cornelius' case does not stand when faced with the evidence at trial.

"The elements of the res ipsa loquitur doctrine are: ' "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." ' [Cits.] Further, '(t)he accident must also be "of a kind which, in the absence of proof of some external cause, does not ordi-

narily happen without negligence." ' [Cit.] Moreover, ' "(r)es ipsa loquitur should be applied with caution and only in extreme cases; . . . it is not applicable when there is an intermediary cause which produced or *could* produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent." ' [Cit.]" *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 623 (2) (385 SE2d 725) (1989).

Aside from any question of exclusive control, there is not even a reasonable inference of defendant's negligence. Cornelius' own testimony was that her only knowledge of the cause of the fire was based on the findings of the fire department's investigator. The investigator found no evidence that the suspected floor furnace was defective, had been working improperly, or had exploded. The investigation theorized that the fire had been caused by floor joists igniting from the furnace cabinet venting system which had heated up from continuous operation because of cold air coming into the structure from an open garage door. There was no evidence that defendant had either constructive or actual knowledge of any furnace defect which proximately caused the fire.

The evidence presented did not justify a jury instruction on res ipsa loquitur. *Walter*, supra at 624 (2).

However, this very same evidence did justify an instruction on the doctrine of accident, inasmuch as it showed that the fire possibly "could have been the result of *an event not proximately caused by negligence* but which instead (arose) from an unforeseen or unexplained cause. (Cit.)' (Cit.)" *Sellers v. Lawrence*, 178 Ga. App. 734 (344 SE2d 710) (1986). See also *Shennett v. Piggly Wiggly Southern*, 197 Ga. App. 502, 504 (4) (399 SE2d 476) (1990); *Greene v. Wright*, 200 Ga. App. 125, 126 (1) (407 SE2d 68) (1991) (physical precedent).

Appellant complains that the court charged that accident "is also used to indicate a happening which although not wholly free from negligence by some person, was not proximately caused by failure of either of the parties to use ordinary care."

At the conclusion of the court's instruction, Cornelius' counsel made only bare objections to the inclusion of the accident instruction and the failure to give the res ipsa loquitur charge. Such an objection was sufficient to challenge the court's refusal to instruct the jury on the submitted written res ipsa loquitur request, see *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 856 (3) (360 SE2d 415) (1987) overruling *Green v. Dillard*, 176 Ga. App. 574 (337 SE2d 55) (1985). It was inadequate to preserve objection to the given accident instruction because it did not provide the trial court with any legal basis or any indication of factual inapplicability. The record does not show by way of charge conference or otherwise that the trial court had been ap-

prised of the grounds of objection to the accident charge so that it could rule intelligently. See *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 822 (2) (354 SE2d 6) (1987), applying the test in *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976).

In any event, the objected-to language, though erroneous, was harmless in light of the fact that the undisputed evidence required the jury to find that defendant Lawrence was not negligent as claimed by plaintiff. " ' "It is axiomatic in Georgia appellate law that an appellant, to secure a reversal, must show not only error but harm." (Cit.)' [Cit.]" *Estate of Sam Farkas, Inc. v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986).

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 13, 1992 —
RECONSIDERATION DENIED MARCH 2, 1992.

*Bobby J. Lindsey*, for appellant.
*Jones, Cork & Miller, John T. Mitchell, Jr.*, for appellee.