S12G0369. McDOWELL et al. v. HARTZOG et al.
(736 SE2d 395)

THOMPSON, Presiding Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred in its conclusion that appellants failed to preserve for appeal their objection to a jury instruction. See *McDowell v. Hartzog,* 312 Ga. App. 162 (718 SE2d 20) (2011). Because we find that the objection was properly preserved, we reverse the decision of the Court of Appeals and remand to that court for its consideration of this enumerated error.

Appellants Hershell and Cindy McDowell were involved in a traffic accident in which their vehicle collided with a vehicle driven by appellee Gregory Hartzog. Appellants sued Hartzog and his employer, Optimus Solutions, LLC. Because there was some evidence that Mr. McDowell, who was driving his vehicle, may have run a stoplight before the collision and skidded into Hartzog while avoiding a third vehicle, Hartzog requested a charge on failure to obey a traffic signal. The trial judge and parties discussed the requested charge at a charge conference, and finding that the charge was attuned to the evidence, the trial judge agreed to give it. Appellants' counsel responded by stating, "as long as it's noted it's over my objection, we are good." The judge gave the traffic signal charge, and after the jury was excused, inquired whether the parties had any exceptions. Appellants' counsel excepted, reminding the court of the "exceptions that we had, the ones we talked about the other day. . . . I know the one on stop lights, we excepted to." The exceptions were noted by the trial court and the jury ultimately returned a defense verdict.

On appeal, appellants alleged the trial court erred by giving the traffic signal charge because it was not adjusted to the evidence.[1] The

---

[1] Appellants also asserted that the charge was improper as a matter of law because running the stoplight could not have been a proximate cause of the collision. This ground for objection was waived, however, because it was not raised in the trial court. See *McDowell,* supra, 312 Ga. App. at 164 (1) (b).

Court of Appeals did not address the merits of this enumeration of error, instead holding appellants waived the issue for appeal by failing to specifically object after the charge was given. *McDowell*, supra, 312 Ga. App. at 164 (1) (a).

OCGA § 5-5-24 (a) provides that "no party may complain of the giving [of] an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." This provision has been construed to require that objections to instructions given be "stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976).

> The obvious purpose of this provision is to afford the trial court an opportunity to correct the charge which has been given, and to consider the grounds of an objection at a time before the jury has retired to consider its verdict and at a time when corrections can be made in the charge if upon such consideration the court deems a correction proper.

*Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 16 (195 SE2d 417) (1973). Objections made at charge conferences before the charge is given do not preserve charging issues for appellate review. *Christie v. Rainmaster Irrigation*, 299 Ga. App. 383, 387 (1) (682 SE2d 687) (2009).

In this case, it is clear from the colloquy between the trial court and counsel at the charge conference that appellants objected to the giving of the failure to obey a traffic signal charge and that the trial judge understood appellants' objection to be based, at least in part, on the ground that the charge was not supported by the evidence. In overruling the objection, the court specifically stated, "If you want it, I'll give it. It is slightly attuned — there are facts in evidence attuned to this case, where I can give it." Then, after the jury began its deliberations, appellants' counsel excepted to the charge as given, reminding the court of the objections raised at the charge conference. The judge acknowledged appellants' previous objections, as well as the fact that they had been overruled, and noted the exceptions for the record. The transcript evidence thus demonstrates that the trial judge sufficiently understood the nature of appellants' objections to enable him to rule intelligently on the specific point and that appellants reiterated their objections after the charge was given, albeit without repeating the specific factual or legal basis of the objection. See *Dent v. Memorial Hosp. of Adel*, 270 Ga. 316, 317 (509 SE2d 908) (1998); *Christiansen v. Robertson*, supra, 237 Ga. at 712.

The Court of Appeals held without explanation that appellants' objection to the charge as given was insufficient to preserve the issue for appeal. Hartzog urges this Court to hold that a party who objects with specificity at a charge conference to the giving of a charge must repeat his objection with equal specificity after the charge is given. However, neither OCGA § 5-5-24 (a) nor our case law requires such particular formality. *Christiansen*, supra, 237 Ga. at 712 (requirement that objection be distinctly stated "does not demand a formalistic, technically perfect objection"). The purpose of OCGA § 5-5-24 (a)'s specificity requirement is satisfied where, as here, after the charge is given, counsel references a previous objection for which the grounds were distinctly stated and that objection is noted by the trial court. We see no useful purpose in requiring a party to restate verbatim the specific grounds of objection where it is clear from the transcript of the charge conference that the trial court and opposing counsel already are apprised of the basis for the objection. See *Clemons v. Atlanta Neurological Institute*, 192 Ga. App. 399-400 (384 SE2d 881) (1989) (appellate court reached merits of objection to charge where trial court took note of previous exceptions and assumed parties would raise exceptions similar to those raised at on-the-record charge conference); *Morey v. Dixie Lime & Stone Co.*, 134 Ga. App. 928 (1) (b) (216 SE2d 657) (1975) (objection to charge given sufficient where record showed court undoubtedly understood what counsel was objecting to and why he was objecting). See also *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 232 (547 SE2d 637) (2001) ("After the charge has been given, to require a restatement of grounds of objection to the refusal to charge timely submitted written requests would be putting form ahead of substance — a result we should always endeavor to avoid").

Because the record shows that appellants distinctly stated their objection at the charge conference, excepted to the charge as given on the same ground, and the trial court clearly understood the basis of their objection, the objection was preserved for appeal. We, therefore, reverse the decision of the Court of Appeals and remand to that court for its consideration of this enumerated error.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Waycaster, Morris & Dean, R. Leslie Waycaster*, for appellants.

*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Jennifer M. Guerro, Downey & Cleveland, Sean L. Hynes*, for appellees.